OPINION
{¶ 1} Kyle Brown appeals from a judgment of the Clark County Court of Common Pleas, which found him guilty of aggravated burglary with a firearm specification. Because Brown was seventeen at the time of these offenses, he now contends these convictions cannot stand in the absence of a proper bind-over procedure from the Clark County Juvenile Court.
 {¶ 2} On August 4, 2003, Brown was charged by Complaint with fleeing from a police officer (Case No. 2003-1160 B). The delinquency charge was based on alleged criminal conduct that took place on August 3, 2003, when Brown did not stop a vehicle he was driving when told to stop by police. Almost ten days later, the state opened a second delinquency matter based on the same August 3rd incident. This case charged Brown with receiving stolen property (Case No. 2003-1206). The state claimed that the car that Brown failed to stop had been stolen by another person and allegedly turned over to Brown.
 {¶ 3} Shortly thereafter, the state sought permission to prosecute Brown as an adult in both cases and moved for the Juvenile Court to relinquish jurisdiction over Brown. A bindover hearing was held in respect to both charges on August 26, 2003. The Juvenile Court subsequently filed an order under both case numbers relinquishing jurisdiction and ordering the cases transferred to the general division of the Court of Common Pleas. The court's order found that Brown and the state had stipulated that there was probable cause to support each of the alleged delinquent acts, that "the youth waived the probable cause hearing and the bindover/amenability hearing" and that Brown was 16 at the time the offenses were committed. Appellant's Brief, Appendix B p. 1.
 {¶ 4} On September 19, 2003, charges for receiving stolen property, R.C. 2913.51, and failure to comply with order or signal of a police officer, R.C. 2921.331, were filed, in the Clark County Court of Common Pleas, by bill of information. Brown plead guilty to both charges and was sentenced to six months on each count to be served concurrently.
 {¶ 5} On December 13, 2004, Brown was indicted for the charge of aggravated burglary with two firearm specifications, R.C.2911.11 (A)(1), (brandishing a gun and possessing an automatic firearm). The offenses were alleged to have occurred on or about December 4, 2004. Brown plead not guilty. On February 23, 2005, Brown pled guilty to the burglary charge and the first specification (brandishing a gun) in exchange for the state dismissing the second gun specification. Brown was sentenced by the Clark County Common Pleas Court to three years in prison for the aggravated burglary charge and three years in prison for the gun specification. The sentences were ordered consecutively served.
 {¶ 6} Brown raises one assignment of error on appeal.
 ASSIGNMENT OF ERROR {¶ 7} THE COURT OF COMMON PLEAS DID NOT HAVE SUBJECT MATTER JURISDICTION OVER THE CRIMINAL TRIAL BECAUSE KYLE D. BROWN WAS UNDER EIGHTEEN YEARS OLD AT THE TIME OF THE ALLEGED OFFENSE AND WAS NOT BOUND OVER FROM THE JUVENILE COURT.
 {¶ 8} In his sole assignment of error Defendant argues that the common pleas court lacked jurisdiction to sentence him due to an improper bindover from the Clark County Juvenile Court in 2003. Presumably, appellant concedes that he need not have been subject to bind-over proceedings in the 2004 charges if he was properly bound over in 2003 by the juvenile court. See State v.Washington (September 30, 2004), Montgomery App. 20218. Brown contends that in 2003 the juvenile court failed to conduct a proper bind-over hearing. He contends the court failed to consider the statutory factors concerning amenability and failed to have a mental examination of the child conducted before determining amenability. The state argues that Brown waived the probable cause hearing and the bindover/amenability hearing, and that it is not possible from the record that is available to establish conclusively whether a mental examination was ever conducted.
 {¶ 9} The Juvenile Division of the Court of Common Pleas has exclusive original jurisdiction under the Ohio Revised Code concerning any child who, on or about the date specified in the complaint, is alleged to be a delinquent child for committing an act that would be an offense if committed by an adult. R.C.2151.23(A) (1); 2152.03; State v. Wilson (1995), 73 Ohio St.3d 40, 43. Before such an individual may be tried as an adult, the matter must be bound over by the Juvenile Division to the General Division pursuant to R.C. 2152.12 and Juv. R. 30.
 {¶ 10} R.C. 2152.12 also requires that an investigation be conducted before bindover. The statute expressly requires that the investigation include a mental examination. In State v.Golphin (1998), 81 Ohio St.3d 543, 546, the Supreme Court held that mental examination required by statute is necessary in order for the court to make the critical determinations of whether a defendant is amenable to rehabilitation within the juvenile system and whether the safety of the community requires that he be placed under legal restraint.
 {¶ 11} A court of record speaks only through its journal entries. State ex rel. Fogle v. Steiner (1995),74 Ohio St.3d 158, 163. Moreover, absent a showing by the Defendant to contradict the same, the presumption of regularity is accorded all judicial proceedings. See State v. Hawkins (1996),74 Ohio St.3d 530, 531.
 {¶ 12} An incomplete record of the hearing that would have established jurisdiction in the court of common pleas for the offense which is the subject of the present appeal makes mention of the Juv. R. 30 motion for transfer. The pre-trial journal entry of the common pleas court states that the court finds the "youth waiv[ed] probable cause and bindover hearing." Appellant Brief Appendix p. 3. In addition, the order relinquishing jurisdiction and ordering transfer clearly states, "the court further finds that the youth further waived the probable cause hearing and the bindover/amenability hearing. . . ." Appellate Brief Appendix B p. 1.
 {¶ 13} Taking into account the purpose for the factors listed in R.C. 2152.12 (D)-(E) and the mental examination, which is to assist the court in its determination of the defendant's amenability, it reasonably follows that a waiver of the bindover/amenability hearing, effectually waives any reason for the court to list the factors in favor of transfer and the court's requirement to proceed with a mental examination. Although the United States Supreme Court pronounced in Kent v.United States (1966), 383 U.S. 541, 561, that a hearing on the issue of the bindover is a critical phase and is mandatory, and neither R.C. 2152 nor Juv.R. 30 contain specific authority for waiver of a bindover hearing, we note, nevertheless, that critical phases may be knowingly, competently, and intelligently waived, and that there is likewise no prohibition for waiver of the hearing. Juv.R. 3 provides that except for the right to counsel at transfer hearings, the "rights of a child may be waived with the permission of the court." See also State v.Soke, 1993 W.L. 266951 (Ohio Ct.App. 8th Dist.), which held juveniles may waive a bind-over hearing.
 {¶ 14} The prior juvenile court order in 2003 transferring jurisdiction to the common pleas court does not indicate the court found that Brown's waiver of the probable cause and amenability hearing was knowingly, intelligently, and competently waived. The State concedes that a transcript of the August 26, 2003 hearing is unavailable and cannot be reconstructed. The State suggests that we reverse Brown's conviction and that we remand this matter to the Clark County Juvenile Court for the appropriate bind-over proceeding for the delinquency charges of aggravated burglary and firearm specification. The assignment of error is well taken. The Judgment of the trial court is Reversed. Because this appeal came to us from the Clark County Court of Common Pleas, this matter is Remanded to that court. The Clark County Court of Common Pleas shall order the defendant discharged from custody if the State of Ohio fails to initiate in the Clark County Juvenile Court appropriate bindover proceedings required by law within sixty days of the date of this judgment.
 . . . . . . . . . . .
Wolff, J., and Valen, J., concur.
(Hon. Anthony Valen, retired from the Twelfth Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).