[Cite as *State v. Porcher*, 2011-Ohio-5976.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 24058 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2008-CR-4873 |
| v. | : | |
| | : | |
| LA'SHAWN PORCHER | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 18th day of November, 2011.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by R. LYNN NOTHSTINE, Atty. Reg. #0061560, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

MARSHALL G. LACHMAN, 75 North Pioneer Boulevard, Springboro, Ohio 45066
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

FAIN, J.

{¶ 1}  Defendant-appellant La'Shawn Porcher appeals from his conviction and sentence, following a no-contest plea, for Complicity to Commit Felonious Assault with a Deadly Weapon.  Porcher contends that the trial court erred by overruling his motion to sever his trial from that of a co-defendant.  He also contends that the trial court erred by

disapproving him for transitional control, and by disapproving him for shock incarceration and for the intensive program prison, without having made the findings required by R.C. 2929.14.

{¶ 2} We conclude that the trial court did not err in overruling Porcher's motion to sever his trial from that of his co-defendant. There were no statements that the State intended to offer against either defendant, so that no problem would arise under *Bruton v. United States* (1968), 391 U.S. 128, 88 S.Ct. 1620, 20 L.Ed.2d 476. Porcher had the burden of demonstrating prejudice arising from joinder, and he presented nothing to the trial court beyond a conclusory allegation that he would be prejudiced by joinder.

{¶ 3} We conclude that the trial court did err in disapproving transitional control, and in disapproving, without making findings, shock incarceration and the intensive program prison. The trial court's error with regard to disapproving shock incarceration and intensive program prison is harmless, since as a first-degree felon, Porcher was not eligible for those programs. The trial court's error in disapproving transitional control can be remedied by amending the trial court's judgment entry to delete that recommendation.

{¶ 4} Accordingly, this cause is Remanded to the trial court for the purpose of amending its judgment entry to delete the disapproval of Porcher for transitional control. In all other respects, the judgment of the trial court is Affirmed.

I

{¶ 5} Porcher was charged by indictment with Complicity to Commit Felonious Assault with a Deadly Weapon and with Complicity to Commit Aggravated Robbery. In the same indictment, Richard Terrence Elijah was charged with Aggravated Robbery (with a deadly weapon), Felonious Assault (with a deadly weapon), and Felonious Assault (by

causing serious physical harm). All the charged offenses were alleged to have been committed on December 20, 2008. The charges against Elijah all included firearm specifications; the charges against Porcher did not include firearm specifications.

{¶ 6} Porcher moved to sever his trial from that of his co-defendant, Elijah. His motion was overruled. Thereafter, Porcher pled no contest to Complicity to Commit Aggravated Robbery, and the other charge against him was dismissed. Porcher was sentenced to seven years in prison.

{¶ 7} From his conviction and sentence, Porcher appeals.

II

{¶ 8} Porcher's First Assignment of Error is as follows:

{¶ 9} "THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SEVER THE TRIAL FROM THE CO-DEFENDANT."

{¶ 10} The memorandum in support of Porcher's motion to sever his trial reads, in its entirety, as follows:

{¶ 11} "In the case at bar, the Defendant has requested counsel to file a motion for separate trials. The Defendant, Leshawn Porcher is charged with Complicity to Commit Aggravated robbery and Complicity to Commit Felonious Assault. It is believed that one trial of both defendants would be prejudicial and unfair to the Defendant, Leshawn Porcher. A reading and review of the discovery, as provided by the Montgomery County Prosecutor's Office, reveals one trial would make it difficult for the defendant to receive a fair trial, if the Defendants are required to be tried together. The discovery suggest[s] separate trials are needed to assure a fair trial. In addition, it is believed that possible testimony from each defendant would implicate the other one while suggesting no criminal

involvement of the defendant testifying at trial.

{¶ 12} "Therefore, it is requested that the Court sever the trial of the two defendants in this particular matter. A separate trial for the Defendants will assure that both receive due process and a fair trial in Montgomery County."

{¶ 13} In denying Porcher's motion to sever, the trial court reasoned as follows:

{¶ 14} " * * * . By way of background, these Defendants are accused of participating in an armed purse snatching in the parking lot of the Moraine Walmart store shortly before Christmas 2008. The victim was shot in the abdomen during the incident. Notably, the Court is not aware of <u>any</u> statements made by Defendants following their arrest. Having previously held a motion to suppress hearing in State of Ohio v. Richard Elijah, the Court knows that Mr. Elijah made no statements to law enforcement officials in Moraine. The Court has no evidence or suggestion before it that Defendants will take the stand in their own defense, let alone that they would offer testimony against each other.

{¶ 15} "Defendant's Motion for separate trials falls under R.C. 2945.13 and Crim. R. 14. Here, the charges and the proof arise from the same set of circumstances – the alleged armed purse snatching, shooting and fleeing. The burden is on Defendant to show that separate trials are warranted. Defendant has not shown that his defense or that of his Co-Defendant are irreconcilable, or even that they might conflict at all. Certainly, something more is required to warrant severance than what has been tendered by Mr. Porcher.

{¶ 16} "A review of the Second District Court of Appeals' jurisprudence on the topic of separate trials for criminal co-defendants supports this Court's analysis. In *State v. Robinson* (1998), 1998 Ohio App. Lexis 2584 [(June 12, 1998), Clark App. No.

97-CA-0073] the appellate court noted that co-defendants each taking the position that he had no involvement in the crime, even though each relied upon different proof, were not asserting inconsistent positions. In *State v. Hutchinson* (1995), 1995 Ohio App. Lexis 1920 [(May 10, 1995), Montgomery App. No. 13993], the appellate court noted, in affirming a denial of separate trials, that neither the charge nor the proof was so complicated that the jury would have had difficulty separating its consideration of the culpability of each defendant. In *State v. Baker* (1990), 1990 Ohio App. Lexis 4233 [(September 26, 1990), Montgomery App. No. 11712] the court stated that, under R.C. §2945.13, '[p]urely conclusory statements that the movant will suffer prejudice without severance does not amount to showing good cause.' Id. At *14. In *State v. Smith* (1987), 1987 Ohio App. Lexis 7402 [(May 13, 1987), Montgomery App. No. 1968], the court reiterated that the defendant carries the burden of demonstrating the necessity for separate trials. Id. at *7-8. 'Mere hostility between defendants is not enough to necessitate separate trials.' Id. *Smith* affirmed a denial of separate trials where three defendants were charged, collectively, with 84 counts of criminal activity. Also, each defendant took the stand and expressly denied any involvement in the crimes. Each defendant claimed he was somewhere else when the home invasion occurred. The court also noted that the evidence was direct and uncomplicated. Id. at *10.

{¶ 17} "In *State v. Brooks* (1987), 1987 Ohio App. Lexis 7388 [(June 4, 1987), Montgomery App. No. 9190], the appellate court also held that defendant bears the burden of showing good cause for separate trials. Id. at *6-7. Also in 1987, the Second District decided *State v. Heflin* (1987), 1987 Ohio App. Lexis 6360 [(March 30, 1987), Montgomery App. No. 9716]. There the court affirmed a denial of a motion for separate

trials where defendants gave different alibi defenses but did not make statements implicating the other. Id. at *3.

{¶ 18} "Having found no support for Defendant La'Shawn Porcher's instant Motion in the case law and finding that Defendant has not shown, at this time, good cause for separate trials, said Motion is DENIED."

{¶ 19} We have nothing useful to add to the trial court's analysis. As the State points out, *Bruton v. United States* (1968), 391 U.S. 128, 88 S.Ct. 1620, 20 L.Ed.2d 476 (upon which Porcher does *not* rely), is of no help to Porcher. That case concerned the situation where the defendant is implicated in the crime by a co-defendant's out-of-court statement that will be offered against the co-defendant. The defendant's right of confrontation is compromised if his co-defendant's out-of-court statement is admitted in evidence but the defendant has no opportunity to cross-examine the co-defendant, who elects not to testify. That situation does not arise here, since neither co-defendant made any out-of-court statements that the State intended to introduce at the trial.

{¶ 20} Porcher had the burden of demonstrating that he would be prejudiced if he and Elijah were tried together. He made no showing of prejudice beyond his conclusory allegation that he would be prejudiced. With nothing more at that time to go on, the trial court did not err by denying his motion to sever.

III

{¶ 21} Porcher's Second Assignment of Error is as follows:

{¶ 22} "THE TRIAL COURT ERRED BY DISAPPROVING SHOCK INCARCERATION, INTENSIVE PROGRAM PRISON AND TRANSITIONAL CONTROL AT SENTENCING."

{¶ 23} In *State v. Howard*, 190 Ohio App.3d 734, 2010-Ohio-5283, we held that a trial court errs when it disapproves of shock incarceration or intensive program prison without making certain findings required by R.C. 2929.14. We also held that it is premature for a trial court, at sentencing, to disapprove transitional control.

{¶ 24} With respect to the trial court's error in having disapproved of shock incarceration and intensive program prison in this case, the State points out that this error is necessarily harmless, because Porcher, as a first-degree felon, is not eligible for either program.[1] R.C. 5120.031(A)(4) and R.C. 5120.032(B)(2)(a). We agree.

{¶ 25} With respect to the trial court's error in having prematurely disapproved Porcher for transitional control, we agree with the State that this error can be cured by remanding this cause to the trial court for the limited purpose of amending the judgment entry to delete the disapproval of Porcher for transitional control.

{¶ 26} Porcher's Second Assignment of Error is sustained to the limited extent indicated; otherwise, it is overruled as harmless error.

IV

{¶ 27} Porcher's First Assignment of Error having been overruled, and his Second Assignment of Error having been sustained to a limited extent, that part of the trial court's judgment entry disapproving Porcher for transitional control is Reversed, and this cause is Remanded for the limited purpose of deleting that provision from the judgment entry. In all other respects, the judgment of the trial court is Affirmed.

. . . . . . . . . . . .

---

[1] Appellate counsel cannot be faulted for having raised this assignment of error. We directed him to do so, after having rejected a brief previously filed on Porcher's behalf under the authority of *Anders v. California* (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493.

DONOVAN and FROELICH, JJ., concur.


Copies mailed to:

Mathias H. Heck
R. Lynn Nothstine
Marshall G. Lachman
Hon. Mary L. Wiseman