[Cite as *State v. Turner*, 2011-Ohio-6714.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

STATE OF OHIO                    :

    Plaintiff-Appellee       :     C.A. CASE NO. 24421

vs.                              :     T.C. CASE NO. 10CR511/1

MATTHEW TURNER                   :     (Criminal Appeal from
                                        Common Pleas Court)
    Defendant-Appellant      :

. . . . . . . . .

## O P I N I O N

Rendered on the 23rd day of December, 2011.

. . . . . . . . .

Mathias H. Heck, Jr., Pros. Attorney; Andrew T. French, Asst. Pros. Attorney, Atty. Reg. No. 0069384, P.O. Box 972, Dayton, OH  45422

    Attorneys for Plaintiff-Appellee

Antony A. Abboud, Atty. Reg. No. 0078151, 130 W. Second Street, Suite 1818, Dayton, OH 45402
    Attorney for Defendant-Appellant

. . . . . . . . .

GRADY, P.J.:

{¶ 1} On August 20, 2009, Benjamin Gulley was shot and killed when three men forced their way into his apartment.  Defendant, Matthew Turner, and two others, Brian Dewitt and David Moore, were subsequently arrested in connection with the break-in and Gulley's

death.

{¶ 2} Defendant Turner admitted his involvement in the killing. Turner told police that he, Dewitt and Moore went to Gulley's apartment in order to rob the tenants of money and drugs. Turner stated that during the ensuing robbery David Moore shot Gulley in the head. Dewitt likewise confessed his involvement in the crimes. Moore denied any involvement.

{¶ 3} The State and Turner entered into a plea agreement. The State agreed to not charge Turner with murder, and in exchange Turner agreed to plead guilty to involuntary manslaughter, aggravated robbery, felonious assault, and a three-year firearm specification. Turner further agreed to imposition of an aggregate sentence within a range of from sixteen to twenty years. Turner entered the promised guilty pleas and the trial court indicated it would impose an aggregate term within the agreed range.

{¶ 4} Following Turner's guilty plea, but before he was sentenced, the State entered into a plea agreement with David Moore. Because the evidence that Moore was the shooter who killed Gulley was in the State's estimate weak, the State and Moore entered into a plea agreement similar to Turner's. A major difference was that Moore would serve an aggregate sentence of between eight to twelve years instead of the sixteen to twenty year range to which Turner had agreed.

{¶ 5} When he appeared for sentencing, and in view of the lesser aggregate terms that Moore was promised, Turner asked to be sentenced within the same aggregate range of from eight to twelve years Moore was promised, not to a sentence within the aggregate range of from sixteen to twenty years to which Turner had agreed.

{¶ 6} The trial court denied Turner's request. The court noted that the terms of Turner's and Moore's plea agreements were different, and that the facts and circumstances of their crimes were different with respect to Turner and Moore. The court imposed an aggregate term of sixteen years. Turner appeals.

### FIRST ASSIGNMENT OF ERROR

{¶ 7} "THE COURT ABUSED ITS DISCRETION IN FAILING TO MERGE THE AGGRAVATED ROBBERY AND AGGRAVATED BURGLARY OFFENSES AS ALLIED OFFENSES OF SIMILAR IMPORT AND IN ISSUING A CONSECUTIVE SENTENCE FOR THE AGGRAVATED BURGLARY OFFENSE."

{¶ 8} Defendant failed to argue in the proceedings before the trial court that his aggravated burglary and aggravated robbery offenses are allied offenses of similar import that must be merged. Defendant has therefore waived all error except plain error. *State v. Coffey*, Miami App. No. 2006CA6, 2007-Ohio-21, at ¶14. To prevail under the plain error standard, an appellant must demonstrate both that there was an obvious error in the proceedings and that but for the error, the outcome of the trial clearly would

have been otherwise. *State v. Noling*, 98 Ohio St.3d 44, 2002-Ohio-7044.

{¶ 9} Turner pled guilty to aggravated burglary in violation of R.C. 2911.11(A)(2), which provides:

{¶ 10} "No person, by force, stealth, or deception, shall trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense, if any of the following apply:

{¶ 11} "The offender has a deadly weapon or dangerous ordnance on or about the offender's person or under the offender's control."

{¶ 12} Turner also pled guilty to aggravated robbery in violation of R.C.2911.01(A)(1), which provides:

{¶ 13} "No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following:

{¶ 14} "Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it."

{¶ 15} The Double Jeopardy Clause of the United States

Constitution, which applies to the States through the Fourteenth Amendment, prohibits multiple punishments for the same offense. *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, at ¶10. However, the Double Jeopardy Clause only prohibits a sentencing court from prescribing greater punishment than the legislature intended. *Id.*, at ¶11. The two-tiered test set forth in R.C. 2941.25, Ohio's multiple count statute, resolves both the constitutional and state statutory inquiries regarding the General Assembly's intent to permit cumulative punishments for the same conduct. *Id.*, at ¶12. However, it is not necessary to resort to that test when the legislature's intent to impose multiple punishments is clear from the language of the statute. *Id.*, at ¶37.

{¶ 16} Ohio's multiple counts statue, R.C. 2941.25, provides:

{¶ 17} "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

{¶ 18} "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the

defendant may be convicted of all of them."

{¶ 19} Defendant relies on *State v. Frazier* (April 28, 1978), Lucas App. No. L-77-184. In *Frazier*, two men forced their way into a home and, after assaulting husband and wife inside and killing the husband, they stole cash and other valuables from the home. The Sixth District Court of Appeals held that the offenses of aggravated robbery and aggravated burglary with which the defendant was charged as a result of the incident are allied offenses of similar import that must be merged pursuant to R.C. 2941.25.

{¶ 20} Had Defendant dug a little further, he would have found that the Supreme Court reversed the Sixth District in *State v. Frazier* (1979), 58 Ohio St.2d 253. The Supreme Court wrote:

{¶ 21} "Assuming, arguendo, that the defendant's actions in this cause constitute 'allied offenses of similar import' within the contemplation of R.C. 2941.25(A), a conclusion certainly not deducible merely by the proximity of the statutes in issue, R.C. 2941.25(B) nevertheless carves an exception to division (A) of the same statute for conduct resulting in 'two or more offenses of the same or similar kind committed separately or with a separate animus as to each * * *.' Contrary to the belief of the Court of Appeals, we find that the defendant's conduct falls within the scope of division (B) of R.C. 2941.25.

{¶ 22} "The robbery and the burglary were committed separately. When the defendant forced the victims' door open with intent to assault Mrs. Dorr and take the victims' property, intentions fairly attributable to the defendant from the record, the burglary was completed. Whether an intended felony was committed is irrelevant to the burglary charge. (See Boyer v. Maxwell (1963), 175 Ohio St. 318, at page 319, 194 N.E.2d 574, for a similar analysis in the context of breaking and entering.) But where the intended felony is actually committed, a new crime arises for which the defendant may be convicted. The subsequent injuries inflicted upon Mrs. Dorr, in furtherance of, and in combination with, the taking of the Dorrs' property, constituted a separate offense, robbery. We do not agree with the Court of Appeals that it is impossible to separate these two offenses with reference to the time committed. The forced entry into the victims' home preceded the beating and was alone sufficient to accomplish the burglary. The testimony indicates that the entry itself could not have given rise to a charge of aggravated robbery since the physical harm was caused not by Mrs. Dorr's fall as the door was forced open, but by the subsequent beating. The fall gave the defendant access to the victims and their house. The subsequent beating facilitated the theft of the victims' property. The fall and beating were accordingly distinct in time and in the functions they served. For reason of the foregoing the judgment of the Court

of Appeals is reversed." *Id.*, at p. 255.

{¶ 23} This court has likewise held that aggravated burglary and robbery are not allied offenses of similar import that must be merged because the burglary is complete upon entry into the victim's home, while a robbery subsequently committed once inside constitutes a new, separate offense that was committed separately in time. *State v. Parker* (June 17, 1991), Montgomery App. No. 12010; *State v. Williams* (Sept. 22, 2000), Montgomery App. No. 18067.

{¶ 24} In this case, when Defendant, armed with a shotgun, forced his way into Gulley's apartment, intending to steal drugs and money from Gulley, the aggravated burglary offense was complete. *Frazier; Parker; Williams*. When Defendant, once inside, thereafter held Gulley at gunpoint while demanding drugs and money and stealing Gulley's television, a new, separate crime, aggravated robbery, arose, which was committed separately from the completed aggravated burglary offense. *Id.* Because one offense was complete before the other offense occurred, the two offenses were committed separately for purposes of R.C. 2941.25(B), notwithstanding their proximity in time and that one was committed in order to commit the other.

{¶ 25} The rationale of the Supreme Court's holding in *Frazier*, and our holdings in *Parker and Williams*, was not affected by the

recent decision in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314. *Johnson* was concerned with how the "same conduct" constitutes allied offenses of similar import for purposes of R.C. 2941.25(A), which requires that allied offenses of similar import be merged for purposes of sentencing. *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2. R.C. 2941.25(B) provides an exception to the merger requirement when the allied offenses were committed separately or with a separate animus as to each. *Johnson* emphasized that "if the (allied) offenses are committed separately, or if the defendant has separate animus for each offense, then, according to R.C. 2941.25(B), the offenses will not merge." ¶51.

{¶ 26} On the authority of *Frazier*, we find that Defendant Turner's offenses of aggravated burglary and aggravated robbery were committed separately. Therefore, per R.C. 2941.25(B), their merger for purposes of sentencing was not required, and plain error in failing to merge the two offenses is not shown.

{¶ 27} The trial court imposed a three-year sentence for Turner's aggravated burglary offense and ordered that the sentence be served consecutive to Turner's completion of the other sentence the court imposed, instead of concurrently. Turner argues that the trial court erred, citing the provision in R.C. 2929.41(A) that multiple prison terms must be served concurrently, except as provided by R.C. 2929.14(E). *State v. Foster*, 109 Ohio St.3d

1, 2006-Ohio-856, held that the provisions of R.C. 2929.41(A) and 2929.14(E) are unconstitutional, to the extent they require judicial fact-finding as a prerequisite to imposing consecutive sentences. *Id.*, paragraph four of the syllabus. As a result of that holding, the trial court now has the discretion and inherent authority to determine whether a prison sentence within the statutory range may be served consecutively or concurrently to a sentence for another offense imposed on the same offender by that court or another Ohio court. *State v. Bates*, 118 Ohio St.3d 174, 2008-Ohio-1983, at ¶19.

{¶ 28} The first assignment of error is overruled.

SECOND ASSIGNMENT OF ERROR

{¶ 29} "THE COURT ABUSED ITS DISCRETION IN SENTENCING MR. TURNER TO 16 YEARS IN PRISON WHERE MR. MOORE, THE CO-DEFENDANT WHO WAS THE ACTUAL SHOOTER OF THE VICTIM, WAS SENTENCED TO 12 YEARS IN PRISON."

{¶ 30} Defendant argues that his sixteen year aggregate prison sentence constitutes an abuse of the trial court's discretion because it is too harsh under the facts and circumstances, and it was unfair to sentence him to sixteen years when the actual shooter, co-defendant David Moore, only received a sentence of twelve years.

{¶ 31} Defendant agreed to a sentence within the sixteen to

twenty year range as part of his negotiated plea agreement. Agreed sentences are not reviewable on appeal. R.C. 2953.08(D)(1) provides:

{¶ 32} "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."

{¶ 33} Defendant agreed to a sentence within the sixteen to twenty year range, both Defendant and the State jointly recommended that sentence, and the trial court imposed the jointly recommended sentence. Furthermore, the sentence imposed, sixteen years, is authorized by law because it is less than the total maximum aggregate sentence that Defendant faced on all counts, which was over forty years with the firearm specifications. Under those circumstances, Defendant's agreed upon sentence is not reviewable on appeal. *State v. Carson*, Montgomery App. No. 20285, 2004-Ohio-5809 at ¶20, 31.

{¶ 34} Defendant's second assignment of error is overruled. The judgment of the trial court will be affirmed.


FAIN, J., concurs.

DONOVAN, J., concurs in judgment, only

Copies mailed to:

Andrew T. French, Esq.
Antony A. Abboud, Esq.
Hon. Dennis J. Adkins