[Cite as *State v. Griffie*, 2011-Ohio-6704.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 24102 |
| v. | : | T.C. NO.  02CR2943 |
| JAMES GRIFFIE, JR. | : | (Criminal appeal from Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

· · · · · · · · · ·

**O P I N I O N**

Rendered on the ___23rd___ day of ___December___, 2011.

· · · · · · · · · ·

JOHNNA M. SHIA, Atty. Reg. No. 0067685, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
　　　Attorney for Plaintiff-Appellee

JOE CLOUD, Atty. Reg. No. 0040301, 3973 Dayton-Xenia Road, Beavercreek, Ohio 45432
　　　Attorney for Defendant-Appellant

· · · · · · · · · ·

DONOVAN, J.

{¶ 1}　Defendant-appellant James Griffie, Jr. appeals a decision of the trial court regarding the imposition of mandatory post-release control after a re-sentencing hearing in Case No. 2002-CR-2943.　Said hearing was held on May

18, 2010.   The trial court issued an amended termination entry on May 26, 2010, which stated that Griffie was subject to a mandatory five year term of post-release control upon his "release from imprisonment."

{¶ 2}   Griffie filed a timely notice of appeal with this Court on June 18, 2010.

I

{¶ 3}   On September 11, 2002, Griffie was indicted for two counts of kidnapping and two counts of having weapons while under disability.   All of the counts were accompanied by firearm specifications.   Griffie ultimately pled guilty to two counts of kidnapping with the attendant firearm specifications.   On November 27, 2002, the trial court sentenced Griffie to five years in prison for each kidnapping count, to be served concurrently.   The trial court merged the firearm specifications for an additional three years in prison, to be served consecutively to the prison term for kidnapping, for an aggregate sentence of eight years.   The record establishes that the trial court failed to properly inform Griffie at the sentencing hearing that he would be subject to mandatory post-release control.   The trial court also improperly denied Griffie's placement in a shock incarceration program and intensive program prison in the termination entry.

{¶ 4}   On January 23, 2004, the trial court issued an amended termination entry to correct court costs.   Additionally, the trial court failed to correct the information regarding Griffie's mandatory post-release control as well as its improper denial of his placement in shock incarceration or intensive program prison in the amended entry.

{¶ 5}   On May 18, 2010, the trial court held a hearing in order to correctly

inform Griffie of his mandatory post-release control sanction. The trial court issued an amended entry on May 26, 2010, which correctly notified Griffie of his mandatory post-release control sanction. The State concedes, however, that the trial court failed to correct its improper denial of Griffie's placement in shock incarceration or intensive program prison in the amended entry.

{¶ 6} It is from this judgment that Griffie now appeals.

II

{¶ 7} Griffie's first assignment of error is as follows:

{¶ 8} "THE TRIAL COURT ERRED WHEN IT FAILED TO PROPERLY INFORM THE DEFENDANT OF HIS POST RELEASE CONTROL RIGHTS."

{¶ 9} In the instant case, Case No. 2002 CR 2943, Griffie asserts that his expected release date is June 25, 2010. Griffie points out, however, that he was also sentenced by the trial court in Case No. 1993 CR 1939 to a term of five to fifteen years. Griffie asserts that his expected release date in that case is October 23, 2012. In his first assignment, Griffie contends that the trial court erred when it imposed his mandatory post-release control and made it effective after his release from imprisonment, and not the date his sentence was to be completed in Case No 2002 CR 2943.

{¶ 10} At the sentencing hearing on May 18, 2010, the following exchange occurred:

{¶ 11} "The Court: Okay. Sir, you understand that by this sentencing, the re-sentencing that we have to do is just related, as he said, to the post-release control. It does not change your out date. You'll receive credit for all the jail time

and the prison time. So, nothing changes except for the fact of –

{¶ 12} "Griffie: So, I'll have PRC?

{¶ 13} "Defense Counsel: Right.

{¶ 14} "The Court: Right.

{¶ 15} "Griffie: That's effective at the end of this sentence, right?

{¶ 16} "Defense Counsel: Yes.

{¶ 17} "Griffie: Okay. It would be effective the 26th of next month?

{¶ 18} "Defense Counsel: Whatever your out date is.

{¶ 19} "Griffie: Okay.

{¶ 20} "The Court: Yes. I don't have your out date in front of me, sir, but whatever out date they have given you, that's when this takes place.

{¶ 21} "Griffie: Thank you."

{¶ 22} Based on the foregoing exchange, Griffie asserts that the trial court essentially advised him that his five-year term of post-release control in Case No. 2002 CR 2943 would begin when his prison sentence was completed in that case despite the fact that he would still be serving a prison sentence in another, unrelated case. Griffie further asserts that because his prison sentence in Case No. 2002 CR 2943 has been completed, the trial court is now without jurisdiction to hold a re-sentencing hearing in order to correct his post-release control sentence. *State v. Arnold*, 189 Ohio App.3d 238, 2009-Ohio-3636. As a result, Griffie argues that he cannot be subject to a term of post-release control in Case No. 2002 CR 2943. Id. Griffie's argument, although inventive, is not supported by the record and is wholly without merit.

{¶ 23} Initially, we note that the trial court specifically advised Griffie and his counsel at the end of the re-sentencing hearing as follows:

{¶ 24} "The Court: Okay. I explained to you, sir, *that following your release from prison* you will be required to serve a period of five years' post-release control under the supervision of the Parole Board. That's where we went a little bit astray, my fault."

{¶ 25} Accordingly, the record establishes that Griffie was put on explicit notice at the re-sentencing hearing that his mandatory term of post-release control would begin upon his release from prison, not upon the completion of his prison sentence in Case No. 2002 CR 2943. The court also explained the consequences of violating post-release control provisions or committing additional violations of the law. The record further establishes that the trial court was unaware of and had no information regarding Griffie's conviction and sentence in Case No. 1993 CR 1939.

{¶ 26} Moreover, a court speaks through its journal entries. *Hairston v. Seidner,* 88 Ohio St.3d 57, 2000-Ohio-271. The amended termination entry specifically states in pertinent part:

{¶ 27} "The Court notifies the defendant that, as part of his sentence, the defendant WILL be supervised by the Parole Board for a period of FIVE (5) years Post-Release Control *after the defendant's release from prison.*"

{¶ 28} The language used by the trial court in its amended termination entry echoes the language used by the General Assembly in R.C. 2967.28(B) regarding the imposition of post-release control after a conviction for a felony of the first degree. R.C. 2967.28(B) states in pertinent part:

{¶ 29} "Each sentence to a prison term for a felony of the first degree *** and in the commission of which the offender caused or threatened to cause physical harm to a person shall include a requirement that the offender be subject to a period of post-release control imposed by the parole board *after the offender's release from imprisonment.* ***."

{¶ 30} Accordingly, at the re-sentencing hearing on May 18, 2010, Griffie was correctly advised by the trial court that he would be subject to a mandatory five-year term of post-release control upon his release from prison. Following the hearing, the trial court issued an amended termination entry which correctly reflected that Griffie would be subject to mandatory post-release control upon his release from prison. The record does not support Griffie's claim that he was entitled to post-release control credit prior to his ultimate release from prison in another, unrelated case. Thus, the trial court did not err when it advised Griffie of his post-release control rights in Case No. 2002 CR 2943.

{¶ 31} Griffie's first assignment of error is overruled.

III

{¶ 32} Griffie's second and final assignment of error is as follows:

{¶ 33} "THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT FAILED TO INCLUDE ITS FINDINGS IN THE AMENDED TERMINATION ENTRY DENYING THE DEFENDANT SHOCK PAROLE, INTENSIVE PROGRAM PRISON, AND TRANSITIONAL CONTROL."

{¶ 34} In his final assignment, Griffie argues that the trial court erred when it disapproved of his placement in a shock incarceration program and intensive

prison program in the termination entry without first making specific findings required by R.C. 2929.19(D). In its appellee's brief, the State concedes that the trial court erred when it failed to make any findings on the record or in the amended termination entry regarding its decision to disapprove of shock incarceration program and intensive prison program for Griffie.

{¶ 35} R.C. 2929.19(D) provides that:

{¶ 36} "The sentencing court, pursuant to division (K) of section 2929.14 of the Revised Code, may recommend placement of the offender in a program of shock incarceration under section 5120.031 of the Revised Code or an intensive program prison under section 5120.032 of the Revised Code, disapprove placement of the offender in a program or prison of that nature, or make no recommendation. If the court recommends or disapproves placement, it shall make a finding that gives its reasons for its recommendation or disapproval."

{¶ 37} In *State v. Howard*, 190 Ohio App.3d 734, 2010-Ohio-5283, we held that a trial court errs when it disapproves of shock incarceration or intensive program prison without making certain findings required by R.C. 2929.14. We also held that it is premature for a trial court, at sentencing, to disapprove transitional control.

{¶ 38} However, with respect to the trial court's error in having disapproved of shock incarceration and intensive program prison in this case, this error is necessarily harmless, because *Griffie*, as a first-degree felon, is not eligible for either program. R.C. 5120.031(A)(4) and R.C. 5120.032(B)(2)(a). See also *State v. Porcher*, Montgomery App. No. 24058, 2011-Ohio-5976.

{¶ 39} Lastly, we note that the trial court erred in prematurely disapproving Griffie for transitional control in the amended termination entry. This error, however, can be cured by remanding this cause to the trial court for the limited purpose of amending the termination entry to delete the disapproval of Griffie for transitional control. See *State v. Howard*, 2010-Ohio-5283; *State v. Porcher*, 2011-Ohio-5976.

{¶ 40} Griffie's second assignment of error is sustained to the limited extent indicated; otherwise, it is overruled as harmless error.

IV

{¶ 41} Griffie's first assignment of error having been overruled, and his second assignment of error having been sustained to a limited extent, that part of the trial court's judgment entry disapproving Griffie for transitional control is reversed, and this cause is remanded for the limited purpose of deleting that provision from the judgment entry. In all other respects, the judgment of the trial court is affirmed.

. . . . . . . . . .

GRADY, P.J. and FAIN, J., concur.

Copies mailed to:

Johnna M. Shia
Joe Cloud
Hon. Dennis Adkins