[Cite as *State v. DeWitt*, 2012-Ohio-635.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 24437 |
| v. | : | T.C. NO. 10CR511/2 |
| BRIAN C. DEWITT | : | (Criminal appeal from Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___17th___ day of ___February___, 2012.

. . . . . . . . . .

KIRSTEN A. BRANDT, Atty. Reg. No. 0070162, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

MARSHALL G. LACHMAN, Atty. Reg. No. 0076791, 75 North Pioneer Blvd., Springboro,   Ohio 45066
        Attorney for Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Brian Clark Dewitt appeals his conviction and sentence for one count of involuntary manslaughter, in violation of R.C. 2903.04(A), a felony of the first degree; one count of aggravated burglary (deadly weapon), in violation of R.C. 2911.11(A)(2), a felony of the first degree; one count of aggravated

robbery (deadly weapon), in violation of R.C. 2911.01(A)(1); and one count of felonious assault (deadly weapon), in violation of 2903.11(A)(2), a felony of the second degree. All of the count were accompanied by a mandatory three-year firearm specification.

{¶ 2} Dewitt filed a timely notice of appeal with this Court on January 18, 2011.

I

{¶ 3} On August 20, 2009, Benjamin Gulley was shot and killed when three men forced their way into his apartment. Dewitt, and two others, Matthew Turner and David Moore, were subsequently arrested in connection with the break-in and Gulley's death.

{¶ 4} Dewitt subsequently admitted his involvement in the killing. Dewitt told police that he, Turner and Moore went to Gulley's apartment in order to rob him of money and drugs. Dewitt stated that during the ensuing robbery David Moore shot Gulley in the head. Turner likewise confessed his involvement in the crimes. Moore denied any involvement.

{¶ 5} The State and Dewitt entered into a plea agreement. The State agreed to not charge Dewitt with murder, and in exchange, Dewitt agreed to plead guilty to involuntary manslaughter, aggravated robbery, felonious assault, and a three-year firearm specification. Dewitt further agreed to imposition of an aggregate sentence within a range of from sixteen to twenty years. Dewitt entered the promised guilty pleas, and the trial court indicated it would impose an aggregate term within the agreed range.

{¶ 6}  Following Dewitt's guilty plea, but before he was sentenced, the State entered into a plea agreement with David Moore.  Because the evidence that Moore was the shooter who killed Gulley was in the State's estimate weak, the State and Moore entered into a plea agreement similar to Dewitt's.  A major difference was that Moore would serve an aggregate sentence of between eight to twelve years instead of the sixteen to twenty year range to which Dewitt had agreed.

{¶ 7}  When he appeared for sentencing, and in view of the lesser aggregate terms that Moore was promised, Dewitt asked to be sentenced within the same aggregate range of from eight to twelve years Moore was promised, not to a sentence within the agreed range of from sixteen to twenty years.

{¶ 8}  The trial court denied Dewitt's request.  The court noted that the terms of Dewitt's and Moore's plea agreements were different, and that the facts and circumstances of their crimes were different with respect to Dewitt and Moore.  The court imposed an aggregate term of sixteen years.

{¶ 9}  It is from this judgment that Dewitt now appeals.

II

{¶ 10}  Dewitt's first assignment of error is as follows:

{¶ 11}  "THE TRIAL COURT ERRED IN IMPOSING A SENTENCE UPON THE DEFENDANT-APPELLANT THAT WAS NOT CONSISTENT WITH SENTENCES FOR SIMILAR CRIMES COMMITTED BY SIMILAR OFFENDERS."

{¶ 12}  In his first assignment, Dewitt contends that the trial court erred when it sentenced him to sixteen years when the actual shooter, co-defendant David

Moore, only received a sentence of twelve years.

{¶ 13} Dewitt agreed to a sentence within the sixteen to twenty year range as part of his negotiated plea agreement. As we recently held in *State v. Turner*, 2d Dist. Montgomery No. 24421, 2011-Ohio-6714, agreed sentences are not reviewable on appeal. R.C. 2953.08(D)(1) provides:

{¶ 14} "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."

{¶ 15} Dewitt agreed to a sentence within the sixteen to twenty year range, both he and the State jointly recommended that sentence, and the trial court imposed the jointly recommended sentence. Additionally, the sentence imposed, sixteen years, is authorized by law because it is less than the total maximum aggregate sentence that Dewitt faced on all counts, which was over forty years with the firearm specifications. Accordingly, Dewitt's agreed upon sentence is not reviewable on appeal. *State v. Carson*, 2d Dist. Montgomery No. 20285, 2004-Ohio-5809 at ¶20, 31; *Turner*, 2011-Ohio-6714.

{¶ 16} Dewitt's first assignment of error is overruled.

III

{¶ 17} Dewitt's second assignment of error is as follows:

{¶ 18} "THE TRIAL COURT ERRED BY DISAPPROVING SHOCK INCARCERATION, INTENSIVE PROGRAM PRISON, AND TRANSITIONAL CONTROL AT SENTENCING."

{¶ 19} In his second assignment, Dewitt argues that the trial court erred when it disapproved of his  placement in a shock incarceration program and intensive prison program in the judgment entry without first making specific findings required by R.C. 2929.14.

{¶ 20} R.C. 2929.19(D) provides that:

{¶ 21} "The sentencing court, pursuant to division (K) of section 2929.14 of the Revised Code, may recommend placement of the offender in a program of shock incarceration under section 5120.031 of the Revised Code or an intensive program prison under section 5120.032 of the Revised Code, disapprove placement of the offender in a program or prison of that nature, or make no recommendation.  If the court recommends or disapproves placement, it shall make a finding that gives its reasons for its recommendation or disapproval."

{¶ 22} In *State v. Howard*, 190 Ohio App.3d 734, 2010-Ohio-5283 (2d Dist.), we held that a trial court errs when it disapproves of shock incarceration or intensive program prison without making certain findings required by R.C. 2929.14. We also held that it is premature for a trial court, at sentencing, to disapprove transitional control.

{¶ 23} However, with respect to the trial court's error in having disapproved of shock incarceration and intensive program prison in this case, this error is necessarily harmless, because Dewitt, as a first-degree felon, is not eligible for either program.  R.C. 5120.031(A)(4) and R.C. 5120.032(B)(2)(a).  See also *State v. Porcher*, 2d Dist. Montgomery No. 24058, 2011-Ohio-5976; *State v. Griffie*, 2d Dist. Montgomery No. 24102, 2011-Ohio-6704.

{¶ 24} Lastly, we note that the trial court erred in prematurely disapproving Dewitt for transitional control in the amended judgment entry. This error, however, can be cured by remanding this cause to the trial court for the limited purpose of amending the judgment entry to delete the disapproval of Dewitt for transitional control. See *State v. Howard*, 2010-Ohio-5283; *State v. Porcher*, 2011-Ohio-5976; *State v. Griffie*, 2011-Ohio-6704.

{¶ 25} Dewitt's second assignment of error is sustained to the limited extent indicated; otherwise, it is overruled as harmless error.

IV

{¶ 26} Dewitt's third assignment of error is as follows:

{¶ 27} "THE TRIAL COURT ERRED IN FAILING TO MERGE EACH COUNT OF DEFENDANT'S CONVICTION AS EACH COUNT CONSTITUTES ALLIED OFFENSES OF SIMILAR IMPORT."

{¶ 28} In his third assignment, Dewitt argues that the trial court erred when it failed to merge all of the counts for which he was convicted. Dewitt failed to argue in the proceedings before the trial court that his aggravated burglary and aggravated robbery offenses are allied offenses of similar import that must be merged. Dewitt has therefore waived all error except plain error. *State v. Coffey*, 2d Dist. Miami No. 2006CA6, 2007-Ohio-21, at ¶14. To prevail under the plain error standard, an appellant must demonstrate both that there was an obvious error in the proceedings and that but for the error, the outcome of the trial clearly would have been otherwise. *State v. Noling*, 98 Ohio St.3d 44, 2002-Ohio-7044.

{¶ 29} The Double Jeopardy Clause of the United States Constitution, which

applies to the States through the Fourteenth Amendment, prohibits multiple punishments for the same offense. *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, at ¶10. However, the Double Jeopardy Clause only prohibits a sentencing court from prescribing greater punishment than the legislature intended. Id. at ¶11. The two-tiered test set forth in R.C. 2941.25, Ohio's multiple count statute, resolves both the constitutional and state statutory inquiries regarding the General Assembly's intent to permit cumulative punishments for the same conduct. Id. at ¶12. However, it is not necessary to resort to that test when the legislature's intent to impose multiple punishments is clear from the language of the statute. Id. at ¶37.

{¶ 30} R.C. 2941.25, Ohio's allied offense statute, protects against multiple punishments for the same criminal conduct, which could violate the Double Jeopardy Clauses of the United States and Ohio constitutions. It provides as follows:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where this conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be

convicted for all of them.

{¶ 31} Dewitt pled guilty to aggravated robbery, in violation of R.C. 2911.01(A)(1), which states in pertinent part:

No person, in attempting or committing a theft offense, as defined in R.C. § 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following:

(1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it.

{¶ 32} Dewitt also pled guilty to aggravated burglary in violation of R.C. 2911.11(A)(2), which provides:

No person, by force, stealth, or deception, shall trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense, if any of the following apply:

The offender has a deadly weapon or dangerous ordnance on or about the offender's person or under the offender's control.

{¶ 33} In *State v. Turner*, 2d Dist. Montgomery No. 24421, 2011-Ohio-6714, we recently found that the crimes of aggravated burglary and aggravated robbery were not allied offenses of similar import that must be merged because the burglary is complete upon entry into the victim's home, while a robbery subsequently

committed once inside constitutes a new, separate offense that was committed separately in time. "Because one offense was complete before the other offense occurred, the two offenses were committed separately for purposes of R.C. 2941.25(B), notwithstanding their proximity in time and that one was committed in order to commit the other." Id. Accordingly, per R.C. 2941.25(B), merger of the aggravated burglary and the aggravated robbery was not required, and plain error in failing to merge the two offenses is not shown.

{¶ 34} Upon review, we conclude that the same rationale applies, and the aggravated burglary merges with neither the count for felonious assault nor the count for involuntary manslaughter. It is also clear from the record that the aggravated robbery was committed separately from the felonious assault as well as the involuntary manslaughter. Thus, merger of the aggravated robbery with those offenses is not required.

{¶ 35} Lastly, Dewitt was found guilty of felonious assault and involuntary manslaughter. Involuntary manslaughter is proscribed by R.C. 2903.04(A), which provides that "[n]o person shall cause the death of another *** as a proximate result of the offender's committing or attempting to commit a felony." Dewitt was found guilty of felonious assault under R.C. 2903.11(A)(2), which provides that "[n]o person shall knowingly *** cause or attempt to cause physical harm to another *** by means of a deadly weapon or dangerous ordnance." Count I of the bill of information to which Dewitt pled provides in pertinent part:

"[T]he Defendant, [Dewitt] *** on or about August 20, 2009, did

in Montgomery County, Ohio violate Section 2903.04(A) [Involuntary

Manslaughter] of the Revised Code *in that he did as a proximate result of committing or attempting to commit a felony, to wit: AGGRAVATED BURGLARY, did cause the death of another, to wit: BENJAMIN GULLEY* \*\*\*.

{¶ 36} The bill of information clearly states that the predicate felony for the involuntary manslaughter count was aggravated burglary, not felonious assault. Moreover, evidence adduced by the State established that the basis for the felonious assault count occurred when Dewitt's accomplice, Turner, hit Gulley in the head with a shotgun in an effort to force his compliance with their requests. The actual shooting of Gulley occurred thereafter during the home invasion. Thus, the felonious assault and the involuntary manslaughter constituted distinct conduct committed separately, and the trial court did not err when it failed to merge those counts.

{¶ 37} Dewitt's third assignment of error is overruled.

V

{¶ 38} Dewitt's fourth and final assignment of error is as follows:

{¶ 39} "THE TRIAL COURT ERRED IN FAILING TO GRANT THE DEFENDANT ALL THE JAIL-TIME CREDIT HE WAS ENTITLED TO."

{¶ 40} In his final assignment, Dewitt asserts that the trial court erred when it failed to give him credit for all of the jail-time he had served prior to his conviction and sentence in Case No. 2010 CR 511/2. Specifically, Dewitt argues that he is entitled to three hundred and twenty-two days of jail-time credit, and not just the one hundred and thirty-two days awarded by the trial court.

{¶ 41} Initially, we note that Dewitt filed his notice of appeal in the instant case on January 18, 2011, which specified he was appealing the final judgment rendered on December 21, 2010. In his motion for leave to file a second supplemental brief filed on July 5, 2011, Dewitt's appellate counsel stated that he "just learned that there was an issue of jail-time credit that the Defendant pursued with the trial court pro se that should be addressed in the Defendant's direct appeal in this matter." The record before us does not contain any pro se motions filed with the trial court from Dewitt regarding the issue of jail-time credit. In fact, the order appealed from does not contain any jail-time credit figures. Neither party disputes, however, that in subsequent orders the trial court awarded Dewitt one hundred and thirty-two days of jail-time credit.

{¶ 42} Dewitt's challenge to the trial court's award of jail-time credit necessarily fails because the record before us on appeal fails to support his argument. The record in the instant appeal consists of only the docket entries, pleadings, and transcripts from Case No. 2010 CR 511/2. The dates upon which Dewitt relies that allegedly establish that he is entitled to additional jail-time credit are from Case No. 2009 CR 2789, which is not part of this record. Simply put, Dewitt's claim that the trial court miscalculated his jail-time credit is not apparent from the record that he provided.

{¶ 43} An appellant bears the burden of establishing error by reference to matters in the record. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 400 N.E.2d 384 (1980). When the record before us on appeal fails to demonstrate appellant's assigned errors, we must presume the regularity and validity of the

lower court's proceedings and affirm. Id. The record before us on appeal fails to support Dewitt's argument that he is entitled to the jail-time credit he claims. Accordingly, we must presume the regularity and affirm.

{¶ 44} Dewitt's final assignment of error is overruled.

VI

{¶ 45} Dewitt's second assignment of error having been sustained in part and overruled in part, the judgment of the trial court is reversed, in part, and this matter is remanded to the trial court for proceedings consistent with this opinion. In all other respects, the judgment of the trial court is affirmed.

. . . . . . . . . .

GRADY, P.J. and FAIN, J., concur.

Copies mailed to:

Kirsten A. Brandt
Marshall G. Lachman
Hon. Dennis Adkins