[Cite as *State v. Drane*, 2012-Ohio-1978.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                    :

    Plaintiff-Appellee          :            C.A. CASE NO.    23862

v.                               :            T.C. NO.    09CR3145/2

JAMARIYO DRANE                   :            (Criminal appeal from
                                                      Common Pleas Court)

    Defendant-Appellant         :

                                 :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ____4th____ day of _____May_____, 2012.

. . . . . . . . . .

KIRSTEN A. BRANDT, Atty. Reg. No. 0070162, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

STEPHEN P. HARDWICK, Atty. Reg. No. 0062932, Assistant Public Defender, 250 E. Broad Street, Suite 1400, Columbus, Ohio 43215
    Attorney for Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1}   Defendant-appellant Jamariyo Drane appeals his conviction and sentence for one count of aggravated robbery with a deadly weapon (firearm), in violation of R.C. 2913.01(K), a felony

of the first degree.

{¶ 2}    We set forth the history of the case in *State v. Drane*, 2d Dist. Montgomery No. 23862, 2010-Ohio-5898 (*Drane I*), and repeat it herein in pertinent part:

On June 30, 2009, Kathleen Pendley pulled into the garage of the family-owned business after running errands.  She noticed a white car behind her that she thought belonged to a customer.  A man exited the vehicle and pointed a gun at Pendley, demanding her purse.  Connie Johnson, Pendley's daughter, also worked at the business and witnessed the man point the gun at Pendley.  Drane was acting as an accomplice during the robbery with the armed man.

The robbers got back into their car and drove off.  A police chase ensued through several neighborhoods lasting twenty-nine minutes.  After the police stopped the car with stop-sticks, Drane and the principal were apprehended at the scene.

Drane, a minor at the time of the offense, subsequently appeared in Juvenile Court.  An amenability hearing was set to determine if Drane should be tried as a juvenile or an adult.  The juvenile court judge, after listening to testimony and weighing the factors set forth in R.C. 2152.12 (D) and (E), determined that Drane should be transferred to the General Division of the Montgomery County Court of Common Pleas.

{¶ 3}    Following a jury trial on January 20, 2010, Drane was found guilty of aggravated robbery (deadly weapon), in violation of R.C. 2911.01(A)(1), a felony of the first degree, with a three year firearm specification. The trial court sentenced Drane to four years for the felony offense with an additional three years on the firearm specification, to be served consecutively, for

an aggregate term of seven years. On July 6, 2010, Drane's court-appointed counsel filed a merit brief citing no colorable issues for review under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). *Drane I*, 2010-Ohio-5898. On December 3, 2010, we affirmed Drane's conviction and sentence after counsel for Drane filed a brief pursuant to *Anders v. California*, 386 U.S. 738. *Drane I*, 2010-Ohio-5898.

{¶ 4} On March 3, 2011, Drane filed his Application to Reopen his Appeal Pursuant to App.R. 26(B). On May 26, 2011, we granted Drane's application for reopening in part and reopened his original appeal as filed in Montgomery App. No. 23862. The reopened appeal, however, was limited to two assignments of error: the imposition of court costs in the absence of an oral advisement by the trial court regarding costs at sentencing, and to the premature disapproval of transitional control. It was ordered that "[n]o other assignments of error or issues shall be addressed by this court." Drane's second assignment of error, "THE JUVENILE COURT ERRED BY BINDING OVER JAMARIYO," was overruled because in the *Anders* brief filed by the original appellate counsel, a similar assignment of error, "DRANE'S TRANSFER FROM THE JUVENILE DIVISION TO THE GENERAL DIVISION WAS INAPPROPRIATE BECAUSE HE WAS AMENABLE TO CARE IN THE JUVENILE SYSTEM," had already been addressed and overruled. We found that App.R. 26(B)(2)(c) only allowed us to consider "assignments of error or arguments in support of assignments of error that previously were not considered or that were considered on an incomplete basis." We further noted that Drane had cited to the transcript of the amenability hearing, but had failed to provide a copy to this court pursuant to App.R. 26(B)(2)(e).

{¶ 5} On June 6, 2011, Drane filed a Motion to Reconsider this Court's May 26, 2011

Decision, or, in the alternative, Reconsider this Court's Dec. 3, 2010 Decision, or, in the alternative, Certify a Conflict from this Court's May 26, 2011 Decision. In his motions, Drane argued that this court incorrectly interpreted App.R. 26(B)(2)(c) as a bar on briefing any issues that the court already considered in the *Anders* brief. App.R. 26(B)(2)(c) states that an application for reopening shall contain "[o]ne or more assignments of error or arguments in support of assignments of error that previously were not considered on the merits in the case by any appellate court or that were considered on an incomplete record because of appellate counsel's deficient representation."

{¶ 6} Ultimately, we found that because we allowed the appeal to be reopened on Drane's meritable arguments regarding the imposition of court costs and the premature disapproval of transitional control, this constitutes an implicit finding that Drane was denied effective assistance of appellate counsel at the time that the *Anders* brief was filed. Accordingly, because Drane was denied the assistance of counsel to frame assignments of error on his behalf at the onset of this appeal, new appointed counsel was allowed to raise not only the issues identified by this court as non-frivolous, but also any other issue or issues that counsel deemed worthy of raising. Pursuant to our revised order, newly appointed counsel for Drane has filed a comprehensive appellant's brief in which he raises six assignments of error.

{¶ 7} Because they are interrelated, Drane's first, second, and third assignments of error will be discussed together as follows:

{¶ 8} "THE JUVENILE COURT ERRED BY TRANSFERRING JAMARIYO TO CRIMINAL COURT EVEN THOUGH THE EVIDENCE SHOWED THAT HE WAS AMENABLE TO 'CARE AND REHABILITATION' IN THE JUVENILE SYSTEM. R.C.

2152.12."

{¶ 9} "THE JUVENILE COURT ERRED BY USING ASSUMPTIONS, NOT EVIDENCE, OF CRIMINAL ACTIVITY WHEN TRANSFERRING JAMARIYO TO CRIMINAL COURT.  R.C. 2152.12."

{¶ 10} "BECAUSE OF THE CUMULATIVE EFFECT OF THE ERRORS, THE JUVENILE COURT ERRED BY TRANSFERRING JAMARIYO TO CRIMINAL COURT. R.C. 2152.12."

{¶ 11} In his first assignment of error, Drane contends that the trial court erred when it transferred him from juvenile court to adult criminal court.  Specifically, Drane argues that ample evidence was adduced which established that he was amenable to rehabilitation in the juvenile system.  In his second assignment, Drane argues that the juvenile court improperly relied on "unproven allegations of previous misconduct" when it found that Drane was not amenable to juvenile rehabilitation.  Thus, Drane asserts that his due process rights were violated when the juvenile court transferred him to adult criminal court.

{¶ 12} "The Juvenile Division of the Court of Common Pleas has exclusive original jurisdiction under the Ohio Revised Code concerning any child who * * * is alleged to be a delinquent child for committing an act that would be an offense if committed by an adult.  R.C. 2151.23(A)(1); 2152.03; *State v. Wilson*, 73 Ohio St.3d 40, 43, 652 N.E.2d 196 (1995).  Before such an individual may be tried as an adult, the matter must be bound over by the Juvenile Division to the General Division pursuant to R.C. 2152.12 and Juv.R. 30." *State v. Brown,* 2d Dist. Clark No. 2005-CA-96, 2006-Ohio-4393, ¶9.

{¶ 13} A juvenile court's amenability finding lies within the court's sound discretion.

*State v. Morrow*, 2d Dist. Montgomery No. 17750, 2000 WL 192365 (Feb. 18, 2000), citing *State v. Carmichael*, 35 Ohio St.2d 1, 298 N.E.2d 568 (1973), paragraphs one and two of the syllabus; *State v. Douglas*, 20 Ohio St.3d 34, 37, 485 N.E.2d 711 (1985). The abuse of discretion standard is defined as "'[a]n appellate court's standard for reviewing a decision that is asserted to be grossly unsound, unreasonable, illegal, or unsupported by the evidence.'" *State v. Boles,* 2d Dist. Montgomery No. 23037, 2010-Ohio-278, ¶18, quoting Black's Law Dictionary, Eighth Edition (2004), at 11.

{¶ 14} Revised Code Section 2952.12(D) sets forth eight factors to consider in favor of transfer of a juvenile to the General Division, while R.C. 2952.12(E) sets forth eight factors to consider as relevant against transfer. *State v. Grimes*, 2d Dist. Greene No. 2009-CA-30, 2010-Ohio-5385. Neither list of factors is all-inclusive. Id. In this case, the juvenile court found that the factors weighing in favor of transfer outweigh the factors against.

{¶ 15} In our December 3, 2010, opinion affirming Drane's conviction and sentence, we specifically found after an independent review of the record, the juvenile court closely examined all of the facts presented and weighed the factors set forth in R.C. 2152.12(D) and (E), making specific findings that were supported by the record. Upon further review of the record in the instant matter, we can find no reason to reverse the juvenile court's decision to transfer Drane to adult criminal court. The record, as noted by the juvenile court, established that Drane had been adjudicated delinquent prior to the instant offense and that he had been under community control sanctions and probation for earlier misdemeanor offenses. The juvenile court also found that Drane's criminal activities were escalating and that prior attempts at his rehabilitation in the juvenile court had failed. Specifically, the juvenile court found that Kathleen Pendley's physical

vulnerability and advanced age exacerbated the harm she suffered as a result of the aggravated robbery. The juvenile court found that Drane was emotionally and physically mature enough for transfer to adult criminal court, and sufficient time did not exist in which to rehabilitate Drane within the juvenile court system. Based on the foregoing, we find that the juvenile court did not abuse its discretion when it found that Drane was not amenable to rehabilitation in the juvenile court system.

{¶ 16} We do note that the bind-over order does not specifically mention the non-adjudicated felonies. Nevertheless, we caution the court not to speculate in its oral pronouncements that "witnesses were not available," when the record merely notes dismissal "due to lack of evidence." On this record, however, any error in this assumption is harmless.

{¶ 17} Lastly, we have found that the juvenile court did not err when it found that Drane was not amenable to rehabilitation. *State v. Moreland*, 50 Ohio St.3d 58, 69, 552 N.E.2d 894, 905 (1990). Thus, we fail to see how the absence of error can constitute cumulative error. Id.

{¶ 18} Drane's first, second, and third assignments of error are overruled.

{¶ 19} Drane's fourth assignment of error is as follows:

{¶ 20} "THE TRIAL COURT ERRED BY IMPOSING COURT COSTS IN THE ENTRY WITHOUT IMPOSING THEM AT THE SENTENCING HEARING."

{¶ 21} In his fourth assignment, Drane argues that, pursuant to the Ohio Supreme Court's holding in *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, the trial court erred when it imposed court costs in the judgment entry without first imposing the costs in open court at the sentencing hearing. We agree. See *State v. Morgan*, 2d Dist. Champaign No. 09CA21, 2010-Ohio-2925. In light of the holding in *Joseph*, the State concedes error in this

instance and agrees that this matter should be remanded to the trial court in order to provide Drane with the opportunity to move the court for a waiver of the payment of court costs.

{¶ 22} Accordingly, this matter is remanded to the trial court in order to allow Drane to move the trial court for a waiver of the payment of court costs.

{¶ 23} Drane's fourth assignment of error is sustained.

{¶ 24} Drane's fifth assignment of error is as follows:

{¶ 25} "THE TRIAL COURT ERRED BY PROSPECTIVELY DENYING JAMARIYO ACCESS TO TRANSITIONAL CONTROL."

{¶ 26} In his fifth assignment, Drane contends that the trial court erred when it prematurely denied him access to transitional control in the original judgment entry.

{¶ 27} We have recently held that it is premature for a trial court, at sentencing, to disapprove of transitional control. *State v. Howard*, 190 Ohio App.3d 734, 2010-Ohio-5283, 944 N.E.2d 258 (2d Dist.). We have also held that a trial court errs by prematurely disapproving a defendant for transitional control in a judgment entry. *State v. DeWitt*, 2d Dist. Montgomery No. 24437, 2012-Ohio-635. This error, however, can be cured by remanding the matter to the trial court for the limited purpose of amending the judgment entry to delete the disapproval of the defendant for transitional control. See *State v. Howard*, 2010-Ohio-5283; *State v. Porcher*, 2d Dist. Montgomery No. 24058, 2011-Ohio-5976; *State v. Griffie*, 2d Dist. Montgomery No. 24102, 2011-Ohio-6704. Thus, this matter is remanded to the trial court so that it may delete the disapproval of transitional control from the judgment entry.

{¶ 28} Drane's fifth assignment of error is sustained to the limited extent indicated.

{¶ 29} Drane's sixth and final assignment of error is as follows:

{¶ 30} "JAMARIYO WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL."

{¶ 31} In his final assignment of error, Drane asserts that all of the errors presented in his brief were properly preserved for the record. Drane, argues, however, that if we were to find that trial counsel's failure to object forfeited an otherwise appealable issue, then he was denied the effective assistance of counsel. On the record before us, we can find no evidence which establishes that Drane's trial counsel was deficient, during either the amenability hearing or any stage of the trial in the Common Pleas Court.

{¶ 32} Drane's final assignment of error is overruled.

{¶ 33} Drane's fourth and fifth assignments of error having been sustained, the judgment of the trial court is reversed to the limited extent indicated in the opinion, and this matter is remanded to the trial court for proceedings consistent with this opinion. In all other respects, Drane's conviction and sentence are affirmed.

FROELICH, J., concurs.

FAIN, J., dissenting:

{¶ 34} As the State urged at the oral argument of this appeal, a juvenile court has wide latitude in deciding whether to retain or to relinquish jurisdiction of a juvenile accused of a criminal offense. *State v. Carmichael*, 35 Ohio St.2d 1, 298 N.E. 2d 568 (1973), first paragraph of syllabus. After all, the juvenile court judge is personally familiar with both the juvenile system and the individual juvenile, and is therefore in a superior position to make a determination whether the juvenile is amenable to care or rehabilitation within the juvenile system.

{¶ 35} In view of the great discretion exercised by a juvenile court in making an

amenability determination, I cannot conclude that the juvenile court's error in having considered charged, but unproven, criminal conduct was harmless. In my view, the juvenile court would have been within its discretion in determining that Drane was amenable to care or rehabilitation within the juvenile system, and I would only be speculating in guessing how the juvenile court might have made that determination if it had not considered the unproven criminal conduct.

{¶ 36} I would reverse the judgment of the trial court and remand this cause to the juvenile court for reconsideration of the amenability determination.

. . . . . . . . . .

Copies mailed to:

Kirsten A. Brandt
Stephen P. Hardwick
Hon. Mary L. Wiseman
Hon. Anthony Capizzi