OPINION
{¶ 1} Robert Clark was convicted of felonious assault in the Montgomery County Court of Common Pleas after entering a guilty plea. The trial court imposed a mandatory two-year prison sentence. Clark appeals from his sentence.
 {¶ 2} On July 14, 2005, Clark was charged with felonious assault with a deadly weapon in violation of R.C. 2903.11(A)(2), a felony of the second degree. He pled guilty to this charge. After his plea was entered, but before his sentence was imposed, Clark filed a Motion to Prohibit a Mandatory Sentence. The trial court overruled the motion at the sentencing hearing and imposed a two-year mandatory sentence.
 {¶ 3} Clark appeals his sentence, raising two assignments of error.
 {¶ 4} In his first assignment of error, Clark claims that the trial court misinterpreted the sentencing statute and erred in imposing a mandatory sentence.
 {¶ 5} R.C. 2903.11, the felonious assault statute, provides that the offense is a second degree felony, and the statute generally does not provide for a mandatory sentence. There is one exception, however, set forth at R.C. 2903.11(D): if the victim is a peace officer and suffers serious physical harm, the offense is a first degree felony and a mandatory prison term is required. Clark did not assault a peace officer, so R.C. 2903.11(D) did not apply.
 {¶ 6} R.C. 2929.13(F), which pertains to sentencing, also sets forth circumstances in which the trial court shall impose a mandatory prison term. These circumstances include convictions for certain types of offenses, such as murder and rape, R.C.2929.13(F)(1) and (2), and situations in which the statute under which the conviction was obtained requires the imposition of a mandatory term, such as the requirement of R.C. 2903.11(D) that a mandatory term be imposed for a felonious assault on a peace officer involving serious injury, R.C. 2929.13(F)(4). Additionally, R.C. 2929.13(F)(6) provides for the imposition of a mandatory prison term upon a conviction for a first or second degree felony that is not otherwise set forth in R.C. 2929.13(F) if the offender previously was convicted of or pleaded guilty to any first or second degree felony.
 {¶ 7} The trial court imposed a mandatory sentence on Clark pursuant to R.C. 2929.13(F)(6) because he had previously been convicted of a first or second degree felony. Clark contends that the trial court erred in imposing a sentence upon him pursuant to R.C. 2929.13(F)(6) when R.C. 2929.13(F)(4) specifically addressed the offense of which he was convicted. He claims that Subsection 6 was not intended to be an alternative to Subsection 4 or to the provisions of the felonious assault statute itself because such an interpretation would be in "clear conflict with the provisions set forth in the charged offense."
 {¶ 8} We reject Clark's interpretation of the statutes and their interplay. R.C. 2903.11(D) requires a mandatory sentence for felonious assault in a particular circumstance, and R.C.2929.13(F)(4) recognizes that fact. R.C. 2929.13(F)(6) requires a mandatory sentence in an additional circumstance and is not inconsistent with R.C. 2929.13(F)(4). In our view, the legislature's recognition in the felonious assault statute of one circumstance in which a mandatory sentence was appropriate — where a peace officer is seriously injured, even on a first offense — and its recognition of additional circumstances under the sentencing statute, such as for repeat serious offenders, does not create a conflict. Thus, the trial court properly imposed a mandatory sentence under R.C. 2929.13(F)(6) based on the commission of a previous first or second degree felony.
 {¶ 9} The first assignment of error is overruled.
 {¶ 10} In his second assignment of error, Clark claims that his sentence violated the principles set forth in Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403, and State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, because the trial court relied on a factor — his criminal record — that was not included in the indictment and was neither proven nor stipulated at trial. The state contends that Clark fails to recognize the distinction between an element of an offense and a sentencing enhancement, and it asserts that a sentencing enhancement need not be alleged in the indictment or proven at trial.
 {¶ 11} The supreme court has held that, where the existence of a prior conviction enhances the penalty for a subsequent offense but does not elevate the degree thereof, the prior conviction is not an essential element of the subsequent offense and need not be alleged in the indictment or presented to the jury in its consideration of defendant's guilt of the offense charged. State v. Allen (1987), 29 Ohio St.3d 53, 55, 506
N.E.2d 199. See, also, State v. Dotson (Feb. 28,1995), Franklin App. No. 94APA05-657. Moreover, Blakely and Foster expressly exclude prior convictions from the facts that must be proven to a jury. "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to the jury beyond a reasonable doubt." (Emphasis added.) Foster at ¶ 82, citingUnited States v. Booker (2005), 543 U.S. 220, 244,125 S.Ct. 738, 160 L.Ed.2d 621. See, also, Blakely, 542 U.S. at 301;Apprendi v. New Jersey (2000), 530 U.S. 466, 490,120 S.Ct. 2348, 147 L.Ed.2d 435. This exclusion undoubtedly recognized the prejudice that a defendant may suffer if evidence of prior convictions is submitted to a jury. Because evidence of prior convictions was expressly excluded from the holdings of Blakely
and Foster, Clark's argument is without merit.
 {¶ 12} The second assignment of error is overruled.
 {¶ 13} The judgment of the trial court will be affirmed.
Fain, J. and Donovan, J., concur.