OPINION
{¶ 1} Defendant-appellant Robert Forster appeals from his conviction for Failure to Notify. On November 7, 2006 Forster was arrested and incarcerated for failing to register his current address and place of employment. He was arraigned the following day, and a preliminary hearing was set for November 16, 2006. But just three days *Page 2 
later, on November 13, Forster was transported to the corrections reception center to serve nine months in prison on a parole violation stemming from the same charge. At the preliminary hearing, the State dismissed its complaint, instead taking the case to a grand jury, which indicted Forster on one count of Failure to Notify. A warrant was issued for his arrest.
 {¶ 2} Because Forster was not yet listed in the LEADS system when the indictment and warrant were issued, police did not have any address more recent than the one from which he had moved earlier in the year. Therefore, he was not served with notice of the indictment. Upon his August 3, 2007 release from prison, Forster was arrested on the outstanding warrant. Later that month he filed a motion to dismiss, based on an alleged speedy trial violation. The State responded, and the trial court overruled the motion to dismiss. Forster pled no contest to the charge and was sentenced to one year in prison. Forster appeals.
 II {¶ 3} Forster's sole assignment of error is as follows:
 {¶ 4} "THE DELAY BETWEEN THE INDICTMENT AND THE APPELLANT'S ARRAIGNMENT VIOLATED THE APPELLANT'S CONSTITUTIONAL RIGHT TO A SPEEDY TRIAL AND THE TRIAL COURT ERRED WHEN IT OVERRULED THE APPELLANT'S MOTION TO DISMISS."
 {¶ 5} In his sole assignment of error, Forster argues that his constitutional and statutory rights to a speedy trial were violated when the State failed to exercise due diligence in promptly serving the indictment upon him, thereby denying him of the opportunity to demand a prompt trial pursuant to R.C. 2941.401. In support, he insists that because he was incarcerated the entire time between the issuance of the *Page 3 
indictment and his arrest on that indictment, and because the State should have known that he was incarcerated, the State has no justification for failing to serve him with the indictment for more than eight months. Forster concludes that his conviction should be vacated. We disagree.
 {¶ 6} Both the United States and Ohio constitutions guarantee a criminal defendant the right to a speedy trial. Ohio has also enacted statutes specifying the scope of this right. Forster's argument centers on his contention that R.C. 2941.401 imposes a duty on the part of the State to exercise due diligence in locating the whereabouts of an incarcerated defendant. However, in a case procedurally similar to this one, the Ohio Supreme Court refused to accept just such an assertion.State v. Hairston, 101 Ohio St.3d 308, 2004-Ohio-969. Instead, theHairston Court rejected the defendant's attempt to read a duty of diligence into the unambiguous statute, noting: "Had the legislature wanted to impose such a duty on the state in similar cases, it could have done so." Id. at ¶ 22. Instead, the Court held that "Far from requiring the state to exercise reasonable diligence to locate an incarcerated defendant, R.C. 2941.401 places the initial duty on the defendant. . . ." Id. at ¶ 20. Because Forster failed to send the requisite notice of imprisonment and request for final disposition to either the prosecuting attorney or the court, he never triggered the process to be brought to trial within 180 days, and his statutory right to a speedy trial was not violated. Id. at ¶ 21.
 {¶ 7} Nor do we find that Forster's general right to a speedy trial under the Ohio and United States constitutions was violated. He filed his motion just less than nine months after he was indicted, which is not an unduly long time to have criminal charges hanging over one's head, and he has not alleged any specific prejudice as having resulted from that delay. See Barker v. Wingo (1972), 407 U.S. 514,92 S.Ct. 2182. Accordingly, Forster's sole assignment of error is overruled.
 III {¶ 8} Forster's sole assignment of error having been overruled, the judgment of *Page 4 
the trial court is Affirmed.
 BROGAN and DONOVAN, JJ., concur. *Page 1