[Cite as *State v. Kelley*, 2012-Ohio-4623.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                              :

    Plaintiff-Appellee                     :          C.A. CASE NO.    25014

v.                                        :          T.C. NO.    11CR2092/1

LLOYD KELLEY                               :          (Criminal appeal from
                                                     Common Pleas Court)
    Defendant-Appellant                   :

                                          :

. . . . . . . . . .

# **O P I N I O N**

Rendered on the ____5th____ day of ____October____, 2012.

. . . . . . . . . .

KIRSTEN A. BRANDT, Atty. Reg. No. 0070162, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

CHRISTOPHER W. THOMPSON, Atty. Reg. No. 0055379, 130 W. Second Street, Suite 2050, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

{¶ 1}     Lloyd Kelley appeals from a judgment of the Montgomery County Court of

Common Pleas, which found him guilty, on his guilty plea, of one count of robbery and sentenced him to an agreed term of four years. The trial court and final judgment entry characterized the prison term as a mandatory term, based on Kelley's admission that he had previously been convicted of a first- or second-degree felony. On appeal, Kelley challenges the mandatory nature of his sentence. For the following reasons, the judgment of the trial court will be affirmed.

{¶ 2} In July 2011, Kelley was indicted on one count of robbery, in violation of R.C. 2911.02(A)(2), a felony of the second degree, for robbing the employees of a McDonald's restaurant. Kelley entered into a plea agreement with the State, whereby he pled guilty in exchange for an agreed sentence of four years. Kelley admitted at the sentencing hearing that he had previously been convicted of a first- or second- degree felony, and he waived the presentence investigation. The trial court sentenced him to a mandatory term of four years in prison. Kelley's sentence was made mandatory pursuant to R.C. 2929.13(F)(6), because he was convicted of a first- or second-degree felony in this case and had "previously [been] convicted of or pleaded guilty to aggravated murder, murder, [or] any first or second degree felony, * * *." The trial court also imposed three years of post-release control and ordered Kelley to pay restitution.

{¶ 3} On appeal, Kelley argues that the State failed to prove when the prior conviction occurred, where it occurred, the identity of the prior offense, and whether the prior conviction had been "sealed, expunged, or reversed at some later date." He asserts that "something must be placed in the record to support [the existence of a prior conviction] other than the unsworn statement of the defendant," and that, without such evidence, it is

impossible to know whether the imposition of a mandatory sentence was proper. It is unclear if Kelley is suggesting that only the length of the sentence was agreed upon, whereas the mandatory nature was not. But in the Crim.R. 11 colloquy, Kelley explicitly acknowledged his understanding that the sentence would be mandatory and "[could not] be reduced by earned credit, judicial release or furlough."

{¶ 4} R.C. 2953.08(D)(1) provides: "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." We have held many times that agreed sentences authorized by law are not reviewable on appeal. *See, e.g., State v. Rammel*, 2d Dist. Montgomery Nos. 24871 and 24872, 2012-Ohio-3724, ¶ 32; *State v. DeWitt*, 2d Dist. Montgomery No. 24437, 2012-Ohio-635, ¶ 13; *State v. Turner*, 2d Dist. Montgomery No. 24421, 2011-Ohio-6714.

{¶ 5} However, if an agreed sentence imposed by the trial court is not "authorized by law," then the fact that it was one to which the parties agreed does not bar appellate review. *State v. Barajas-Larios*, 178 Ohio St.3d 613, 2008-Ohio-212, 899 N.E.2d 212, ¶ 8 (holding that the voluntary and knowing character of the defendant's guilty plea was "negated" by the trial court's promise to impose a sentence less than that required by law); *see also State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 29 (stating that R.C. 2953.08(D)(1) does not bar appellate review of a sentence that has been jointly recommended by the parties and imposed by the court when the court failed to merge counts that were allied offenses of similar import).

{¶ 6} Kelley argues that his mandatory sentence may not have been authorized by

law, because he may not have had a prior first- or second-degree felony conviction, since the State presented insufficient information regarding any prior conviction. He asserts that the trial court could not conclude that he had a valid prior conviction for a first- or second-degree felony without knowing the state and county in which he was convicted, the date of the offense, and the nature of the charge. R.C. 2929.13(F)(6) does not set forth a window of time in which the prior conviction must have occurred, and it expressly states that the offense may have occurred "under an existing or former law of this state, another state, or the United States * * *."

{¶ 7}    We appreciate that defendants (as well as perhaps attorneys, courts, and probation officers) are sometimes understandably confused about, for example, whether there was a prior, final conviction, the degree of the offense, the effect of time and changes in the law, and whether there has been a pardon, expungement, or sealing of a conviction. However, absent inclusion in the indictment or a separate evidentiary hearing, neither of which is required,[1] a defendant's decision to waive a presentence investigation, not to object to the court's statement that the sentence would be mandatory because of a prior conviction, to acknowledge his prior conviction, and to agree to a four-year mandatory sentence are sufficient facts for the court to impose sentence pursuant to R.C. 2929.13(F)(6).

{¶ 8}    The trial court imposed a sentence within the statutory range, as agreed by the parties. It did not err in making that sentence mandatory, based on Kelley's affirmative statement that he had a prior conviction for a first- or second-degree felony.

{¶ 9}    The assignment of error is overruled.

---

[1] *See, e.g., State v. Clark*, 2d. Dist. Montgomery No. 21410, 2006-Ohio-6068, ¶ 11.

**{¶ 10}** The judgment of the trial court will be affirmed.

. . . . . . . . . .

GRADY, P.J. and HALL, J., concur.

Copies mailed to:

Kirsten A. Brandt
Christopher W. Thompson
Hon. Mary Katherine Huffman