[Cite as *State v. Hawes*, 2012-Ohio-5409.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

STATE OF OHIO                        :
                                     :      Appellate Case No.   24986
      Plaintiff-Appellee            :
                                     :      Trial Court Case No. 11-CR-2119
v.                                   :
                                     :
JOHNATHAN L. HAWES                   :      (Criminal Appeal from
                                     :       Common Pleas Court)
      Defendant-Appellant        :
                                     :

. . . . . . . . . . .

## O P I N I O N

Rendered on the 21st day of November, 2012.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by CARLEY J. INGRAM,  Atty. Reg. 0020084, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, Post Office Box 972, 301 West Third Street, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

CHRISTOPHER W. THOMPSON, Atty. Reg. #0055379, 130 West Second Street, Suite 2050, Dayton, Ohio 45402
      Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1}    Pursuant to a plea agreement, Johnathan Hawes pled no contest to two counts of aggravated robbery in the Montgomery County Court of Common Pleas and was sentenced

to an aggregate term of four years in prison. He appeals from his conviction and sentence.

{¶ 2} On August 10, 2011, Hawes was indicted on two counts of aggravated robbery, felonies of the first degree, each with a firearm specification. The offenses occurred on January 28, 2010. At the time of his indictment, Hawes was incarcerated at the Pickaway Correctional Institution, due to his prior conviction of other offenses.

{¶ 3} On September 14, 2011, Hawes filed a waiver of his right to a speedy trial. On November 1, 2011, he filed a "Motion to Dismiss Action with Prejudice for Failure to Prosecute and Due to a Lack of Jurisdiction re Speedy Trial Violations per ORC 2941.401." He also filed motions for a continuance and to suppress evidence.

{¶ 4} On November 29, 2011, the trial court overruled the motion to dismiss. The next day, pursuant to a plea agreement, Hawes pled no contest to both counts of aggravated robbery. In exchange, the State dismissed the firearm specifications and agreed to concurrent mandatory sentences of three or four years, with the exact length to be determined by the court. Hawes was sentenced to a mandatory term of four years on each count, to be served concurrently.

{¶ 5} Hawes's appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the absence of any meritorious issues for our review. In the *Anders* brief, counsel did identify three potential issues, but ultimately concluded that they did not have arguable merit. These potential issues related to Hawes's speedy trial rights and to the mandatory nature of the sentence the trial court imposed.

{¶ 6} We notified Hawes that his counsel had filed an *Anders* brief and offered him

time to file a pro se brief.   He did not do so.   The State also did not file a responsive brief.

{¶ 7}     The first potential assignment of error raised by counsel states:

**The trial court erred in overruling [Hawes's] Motion to Dismiss the indictment due to a violation of his right to a speedy trial.**

{¶ 8}     Hawes's motion to dismiss argued that his right to a speedy trial had been violated.   Hawes's motion relied on R.C. 2941.401, which provides, in pertinent part:

When a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, he shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final disposition to be made of the matter, * * *.

{¶ 9}     When, as in this case, a defendant is incarcerated on other charges when additional charges are filed, R.C. 2941.401, a specific statute, prevails over the general speedy trial statutes of R.C. 2945.71 et seq., and governs the time within which the State must bring the defendant to trial on the additional charges.  *State v. Stewart*, 2d Dist. Montgomery No. 21462, 2006-Ohio-4164, ¶ 21.

{¶ 10}     Hawes contends that he began his prison sentence on another matter on November 18, 2010, at which time law enforcement officials allegedly suspected him or had reason to suspect him in the aggravated robberies at issue in this case and knew of "his place

of imprisonment." He also asserts that he was "continually denied his statutory right to make a request for final disposition by the CRC warden, various law enforcement officials, and the State of Ohio," and that the time to bring him to trial had expired on May 30, 2011.

{¶ 11}    In his motion to dismiss, it is unclear how Hawes calculated the May 30, 2011, date on which he claimed that his speedy trial time expired. Additionally, his assertions about when law enforcement officers "knew" about his involvement in this case are unspecific and unsubstantiated by the record. However, we need not address his specific calculations, because Hawes bases his arguments on several incorrect or unsupported premises.

{¶ 12}    We have previously held that the 180-day period set forth in R.C. 2941.401 does not begin to run until a defendant asks, in writing, that the charges be addressed. See *State v. Huber*, 2d Dist. Clark No. 07-CA-88, 2009-Ohio-1636, ¶ 35; *State v. Forster*, 2d Dist. Montgomery No. 22472, 2008-Ohio-3709, ¶ 6; *Stewart, supra. See also State v. Hairston*, 101 Ohio St.3d 308, 2004-Ohio-969, 804 N.E.2d 471, ¶ 20-21. Nothing in the record suggests that Hawes delivered the required notice to the prosecutor's office or the court. Therefore, Hawes did not invoke the speedy trial provision set forth in R.C. 2941.401. He has offered no support for his assertion that he was "continually denied his statutory right to make" such a request.

{¶ 13}    Hawes's motion to dismiss does not clearly set forth the date from which he claims that the speedy trial time should be calculated, but his argument suggested that the time would run from one of the following: 1) the point at which law enforcement officers were aware of his imprisonment, 2) the point at which the State "beg[a]n prosecuting any new

charges that were pending," 3) the October 2010 date on which his DNA (which may have linked him to the new offenses) was "extracted" pursuant to a Miamisburg Municipal Court order, 4) the point when officers began their investigation into his involvement in the offenses, or 5) the date in May 2010 when officers read him his *Miranda* rights. Pursuant to R.C. 2941.401, however, none of these events triggered the 180-day period. The statute is triggered by a defendant's request for a speedy trial ***after*** an "indictment, information, or complaint against the prisoner" has been filed.

**{¶ 14}** Hawes was indicted on August 10, 2011, waived his right to a speedy trial on September 14, 2011, and entered his plea on November 30, 2011. During that time, he filed motions for a continuance, to dismiss, and to suppress evidence, all of which tolled the speedy trial time. Even if we ignore the fact that Hawes never made the request for final disposition required by the statute and waived his right to a speedy trial, Hawes's case was resolved within 180 days of his indictment, and he was not denied his right to a speedy trial under R.C. 2941.401. Counsel correctly concludes that this argument lacks arguable merit.

**{¶ 15}** The second and third potential assignments of error raised by counsel state:

**The record does not properly support the invocation of R.C. 2929.13(F)(6), requiring the prison sentence be mandatory due to a prior first or second degree felony.**

**The trial court erred in making the sentence mandatory pursuant to R.C. 2929.13(F)(6).**

**{¶ 16}** Each of the potential arguments regarding sentencing relates to R.C. 2929.13(F)(6), which provides for a mandatory sentence when a defendant is convicted of a

first- or second- degree felony and had "previously [been] convicted of or pleaded guilty to aggravated murder, murder, [or] any first or second degree felony."

{¶ 17} First, counsel suggests that specific information about Hawes's prior conviction, such as the identity of the offense and the case number, should have been included in the record to substantiate the mandatory sentence imposed pursuant to R.C. 2929.13(F)(6).

{¶ 18} It is well-settled that a sentence imposed upon a defendant is not subject to review on appeal if it has been recommended jointly by the defendant and the prosecution and is imposed by a sentencing judge. R.C. 2953.08(D)(1); *State v. Kelley*, 2d Dist. Montgomery No. 25014, 2012-Ohio-4623, ¶ 4; *State v. DeWitt*, 2d Dist. Montgomery No. 24437, 2012-Ohio-635, ¶ 13. Although an exception to this principle exists if the sentence imposed by the trial court is not authorized by law, we have recently held that the failure to include the identity and/or date of the prior conviction does not demonstrate that a mandatory sentence is unauthorized by law, where a defendant admits that such a prior conviction exists. *Kelley* at ¶ 3, 5-7. Counsel correctly concludes that there is no arguable merit to the suggestion that the trial court erred in imposing a mandatory sentence because additional information about the prior conviction was not presented. Counsel also recognizes that Hawes was fully informed of the mandatory nature of his sentence before he entered his plea; thus, the failure to offer additional information about Hawes's prior conviction did not affect the knowing, intelligent, and voluntary nature of his plea.

{¶ 19} Second, counsel asserts that the applicability of R.C. 2929.13(F)(6) might be challenged on the basis that the offense upon which Hawes's prior conviction was based actually occurred ***after*** the aggravated robberies at issue in this case. According to counsel,

the aggravated robbery upon which the prior first-degree felony conviction was based occurred on July 10, 2010, whereas the aggravated robberies at issue in this case occurred on January 29, 2010. Counsel points out that, under these facts, any deterrent effect intended by the legislature "is lost when [a mandatory sentence] is applied in this manner."

{¶ 20}    Although counsel may be correct that any deterrent effect intended by the legislature was undermined by the order in which Hawes's cases were prosecuted, R.C. 2929.13(F)(6) is unambiguous: a previous conviction for any of the specified offenses triggers a mandatory sentence in a subsequent case involving conviction of a first- or second-degree felony. There is no basis for us to interpret the statute to include a requirement that the offenses for which a defendant was previously convicted occurred prior to the offenses at issue in the latter case. *See State v. Jordan*, 10th Dist. Franklin No. 11AP-679, 2012-Ohio-954, ¶ 7. We agree with counsel's conclusion that this argument lacks merit.

{¶ 21}    Finally, we have independently reviewed the transcript and the record, as required by *Anders*. We have found no non-frivolous issues for appeal.

{¶ 22}    The judgment of the Montgomery County Court of Common Pleas is affirmed.

. . . . . . . . . . . .

DONOVAN and FROELICH, JJ., concur.

Copies mailed to:

Mathias H. Heck
Carley J. Ingram
Christopher W. Thompson
Johnathan L. Hawes
Hon. Gregory F. Singer