[Cite as *State v. Midlam*, 2012-Ohio-5539.]

IN THE COURT OF APPEALS FOR GREENE COUNTY, OHIO

STATE OF OHIO                                    :

     Plaintiff-Appellee                    :          C.A. CASE NO.    2012 CA 25

v.                                               :          T.C. NO.    10CR305

COLE MIDLAM                                       :          (Criminal appeal from
                                                            Common Pleas Court)

     Defendant-Appellant                   :

                                                 :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___30th___ day of ___November___, 2012.

. . . . . . . . . .

NATHANIAL R. LUKEN, Atty. Reg. No. 0087864, Assistant Prosecutor, 61 Greene Street, Xenia, Ohio 45385
     Attorney for Plaintiff-Appellee

P.J. CONBOY II, Atty. Reg. No. 0070073, 5613 Brandt Pike, Huber Heights, Ohio 45424
     Attorney for Defendant-Appellant

COLE MIDLAM, #212-507, 21390 Old State Road 37, Branchville, IN 47514
     Defendant-Appellant

. . . . . . . . . .

FROELICH, J.

{¶ 1} Cole Midlam pled guilty in the Greene County Court of Common Pleas to aggravated robbery, a first degree felony; as part of the plea agreement, the State dismissed a firearm specification. The trial court imposed an agreed nine-year mandatory sentence, to be served concurrently with ten-year sentences previously imposed in Dearborn County, Indiana (Case No. 15C01-1006-3B-009) and Montgomery County, Ohio (Case No. 2010-CR-1691). Midlam was ordered to pay restitution and court costs. At the time of Midlam's plea and sentencing hearing, he faced similar charges in Highland County, Ohio; he was transported to Highland County following sentencing.

{¶ 2} Midlam's appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that after thoroughly examining the record and the law, he found no potentially meritorious issues for appeal. Counsel set forth one potential assignment of error, namely that the trial court should not have imposed a mandatory prison sentence. By entry, we informed Midlam that his attorney had filed an *Anders* brief on his behalf and granted him 60 days from that date to file a pro se brief. Midlam filed a pro se brief raising additional issues for review.

{¶ 3} Pursuant to our duty under *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), we have conducted an independent review of the entire record, and we have found no potential assignments of error having arguable merit. Accordingly, the judgment of the trial court will be affirmed.

{¶ 4} As an initial matter, Midlam raises whether the State violated his right to a speedy trial. He states that his plea hearing was delayed beyond 90 days, and he was told that "Greene County could take as much time [as] they wanted" because there was still a holder from Highland County.

**{¶ 5}** Midlam cannot challenge his conviction due to alleged violations of his speedy trial rights. "Any claim for relief based directly upon Speedy Trial grounds is barred by [Midlam's] guilty plea, since a plea of guilty effectively waives any defenses that could have been raised at, or prior to, trial." *State v. Hurt*, 2d Dist. Miami No. 95-CA-43, 1996 WL 221753, *1 (May 3, 1996); *State v. Moore*, 2d Dist. Clark No. 2007 CA 123, 2008-Ohio-5376, ¶ 9.

**{¶ 6}** Even if Midlam had not waived his speedy trial rights, his plea and sentence were timely. The right to a speedy trial is guaranteed by the United States and Ohio Constitutions. *State v. Adams*, 43 Ohio St.3d 67, 68, 538 N.E.2d 1025 (1989). Ohio's speedy trial statute, R.C. 2945.71, "was implemented to incorporate the constitutional protection of the right to a speedy trial" provided in the United States and Ohio Constitutions. *Brecksville v. Cook*, 75 Ohio St.3d 53, 55, 661 N.E.2d 706 (1996). As such, that statute must be strictly construed against the State. *Id.*

**{¶ 7}** Under R.C. 2945.71(C)(2), the State must bring a felony defendant to trial within 270 days of arrest. "Each day during which the accused is held in jail in lieu of bail on the pending charge is counted as three, pursuant to the triple-count provision of R.C. 2945.71(E). This 'triple-count' provision would reduce to 90 days the time for bringing to trial an accused who is incarcerated the entire time preceding trial." (Citation omitted.) *State v. Dankworth*, 172 Ohio App.3d 159, 2007-Ohio-2588, 873 N.E .2d 902, ¶ 31 (2d Dist.).

**{¶ 8}** However, Ohio's speedy trial provisions do not apply to a person who is incarcerated in another state pending extradition, who is unavailable due to other criminal proceedings against him (within Ohio or otherwise), or who is unavailable pending

extradition to Ohio. R.C. 2942.72(A). Furthermore, once the speedy trial provisions do apply, an accused is only entitled to the triple-count provision when he is held in jail solely on the pending charge. *State v. Kaiser*, 56 Ohio St.2d 29, 381 N.E.2d 633 (1978), paragraph two of the syllabus. An accused's speedy trial times runs on a one-to-one basis when he or she is also being held on a holder. *State v. Wellman*, 2d Dist. Miami No. 2006 CA 42, 2007-Ohio-6896, ¶ 17.

{¶ 9}   Midlam was indicted for aggravated robbery with a firearm specification in June 2010. At the time, Midlam was incarcerated in Indiana. Midlam was returned to Ohio at the request of the Montgomery County Prosecutor, and the record reflects that Midlam was to be prosecuted first in Montgomery County, then Greene County, followed by Highland County. Midlam was sentenced in Montgomery County on August 30, 2011, and he was transported to Greene County following that proceeding.

{¶ 10}   Midlam was held on a holder from Highland County during his proceedings in Greene County. Accordingly, Greene County had 270 days from August 30, 2011 in which to try him. Midlam's plea and sentencing occurred on December 6, 2011, within the statutory time period.

{¶ 11}   Midlam further raises that the severity of his crime was "less than what usually constitutes [the] offense" of aggravated robbery, and asserts that mitigating factors should have been taken into account. Midlam emphasizes his general non-violent nature and that he used a toy gun, not one capable of inflicting harm, during the robberies.

{¶ 12}   To the extent that Midlam is arguing that his conviction was against the manifest weight of the evidence or based on insufficient evidence, those arguments are

precluded by his guilty plea. *State v. Dalton*, 2d Dist. Montgomery No. 24953, 2012-Ohio-3386, ¶ 7 ("By entering a guilty plea, a defendant waives his right to present manifest-weight-of-the-evidence or sufficiency-of-the-evidence attacks against his convictions."). Midlam's guilty plea "left nothing for the State to prove because a guilty plea is a complete admission of guilt." *Id*., citing Crim.R. 11(B)(1).

{¶ 13} To the extent that Midlam's argument challenges the severity of his sentence, we also find no arguable reversible error. R.C. 2953.08(D)(1) provides: "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." We have held many times that agreed sentences authorized by law are not reviewable on appeal. *See, e.g., State v. Rammel*, 2d Dist. Montgomery Nos. 24871 and 24872, 2012-Ohio-3724, ¶ 32; *State v. DeWitt*, 2d Dist. Montgomery No. 24437, 2012-Ohio-635, ¶ 13; *State v. Turner*, 2d Dist. Montgomery No. 24421, 2011-Ohio-6714.

{¶ 14} The trial court's nine-year sentence was within the permissible range for a first degree felony, and both the State and Midlam agreed to that sentence.

{¶ 15} Midlam and his appellate counsel both raise whether the trial court was authorized to impose a mandatory prison sentence based on the existence of a prior first degree felony conviction. Midlam states that all of the robberies occurred around the same time in May 2010 and "were all part of the same common scheme or plan of continuing conduct uninterrupted by an arrest." He further asserts that the only reason why he had a prior first degree felony conviction "is the chronological order in which I went to each

county for sentencing." He notes that Highland County, the last court to sentence him, did not impose a mandatory prison sentence.

{¶ 16} Under R.C. 2929.13(F)(6), the trial court must impose a prison sentence for a first or second degree felony if the offender had previously been convicted of or pled guilty to any first or second degree felony or "an offense under an existing or former law of this state, another state, or the United States that is or was substantially equivalent to one of those offenses." We recently rejected Midlam's suggestion that R.C. 2929.13(F)(6) requires that the first degree felony upon which his mandatory sentence was based actually occur before the aggravated robbery at issue in this case. *State v. Hawes*, 2d Dist. Montgomery No. 24986, 2012-Ohio-5409, ¶ 20. We stated:

> R.C. 2929.13(F)(6) is unambiguous: a previous *conviction* for any of the
> specified offenses triggers a mandatory sentence in a subsequent case
> involving conviction of a first-or second-degree felony. There is no basis for
> us to interpret the statute to include a requirement that the *offenses* for which
> a defendant was previously convicted occurred prior to the offenses at issue
> in the latter case.

(Emphasis added.) *Id*., citing *State v. Jordan,* 10th Dist. Franklin No. 11AP–679, 2012-Ohio-954, ¶ 7.

{¶ 17} Midlam does not dispute that he was convicted of aggravated robbery in Montgomery County prior to the resolution of his case in Greene County. And, with the agreement of defense counsel, the trial court sentenced Midlam without having a presentence investigation conducted. At the Greene County sentencing hearing, defense counsel

indicated that Midlam was serving ten-year sentences for both Indiana and Montgomery County. The prosecutor had previously informed the court during the plea hearing that Midlam had a prior conviction for a first degree felony, and Midlam did not dispute that statement. The trial court told Midlam, both at the plea hearing and at sentencing, that Midlam's sentence would be mandatory due to the prior first degree felony conviction. "[A] defendant's decision to waive a presentence investigation, not to object to the court's statement that the sentence would be mandatory because of a prior conviction, to acknowledge his prior conviction, and to agree to a * * * mandatory sentence are sufficient facts for the court to impose sentence pursuant to R.C. 2929.13(F)(6)." *State v. Kelley*, 2d Dist. Montgomery No. 25014, 2012-Ohio-4623, ¶ 7.

{¶ 18} Finally, Midlam suggests that his convictions "should be treated as one" due to similar nature of his conduct and the close timing of the offenses. However, it is clear that Midlam committed separate instances of aggravated robbery with separate victims in several counties. Accordingly, his offense in Greene County is separate and does not merge with the offenses committed in other Ohio counties and Indiana.

{¶ 19} Upon review of the entire record, we agree with appellate counsel that there are no issues having arguable merit.

{¶ 20} The trial court's judgment will be affirmed.

. . . . . . . . . .

FAIN, J. and DONOVAN, J., concur.

Copies mailed to:

Nathanial R. Luken
Patrick J. Conboy, II

Cole Midlam
Hon. Stephen A. Wolaver