[Cite as *State v. Brandt*, 2015-Ohio-32.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MIAMI COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2013-CA-30 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 12-CR-89 |
| v. | : | |
| | : | |
| KENNETH H. BRANDT | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 9th day of January, 2015.

. . . . . . . . . . .

PAUL M. WATKINS, Atty. Reg. #0090868, Miami County Prosecutor's Office, 201 West Main Street – Safety Building, Troy, Ohio 45373
        Attorney for Plaintiff-Appellee

MARK A. DETERS, Atty. Reg. #0085094, 1800 Lyons Road, Dayton, Ohio 45458
        Attorney for Defendant-Appellant

KENNETH BRANDT, Inmate No. 676-432, Post Office Box 5500, Chillicothe, Ohio 45601
        Defendant-Appellant, *pro se*

. . . . . . . . . . . .

FAIN, J.

{¶ 1}    Defendant-appellant Kenneth H. Brandt appeals from his conviction and

sentence, following a guilty plea, to six counts of Rape of a Child Under the Age of Thirteen. Brandt's assigned counsel has filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating that he has not found any potential assignments of error having arguable merit. Neither have we. Accordingly, the judgment of the trial court is Affirmed.

## I. The Course of Proceedings

{¶ 2} Brandt was charged by indictment with 31 counts of Rape of a Child Under the Age of Thirteen. Many of the counts included a specification that the victim was under the age of ten; other counts did not.

{¶ 3} Brandt eventually entered into a plea agreement with the State whereby all but six of the counts would be dismissed, and Brandt would plead guilty to six counts. One of those counts included the specification that the victim was under the age of ten. Pursuant to the agreement, that specification was stricken. The parties further agreed that Brandt would co-operate in the prosecution of another individual, and that he would be sentenced to ten years to life on each of the six counts, to be served consecutively, for a total sentence of 60 years to life. The trial court indicated that it would impose the agreed sentence.

{¶ 4} The trial court held a plea hearing, at which it complied with the requirements of Crim.R. 11(C). It was agreed that Brandt would not be sentenced until after the defendant had been sentenced in the case in which Brandt had agreed to co-operate. The plea agreement specified that the State could revoke the agreement if Brandt failed to perform his duty, under the agreement, to co-operate in the other case.

{¶ 5}    The trial court scheduled Brandt's sentencing hearing for a date preceding the sentencing hearing in the other case.   The State moved to continue Brandt's sentencing hearing until after the sentencing hearing in the other case, but the trial court, indicating that it had confidence that Brandt's agreement to co-operate would be implemented, denied the State's motion.

{¶ 6}    The trial court imposed the agreed-upon sentence of ten years to life on each count, to be served consecutively, for a total sentence of 60 years to life.   The trial court also notified Brandt that he would be subject to a five-year term of post-release control upon his release from prison, and that he was classified as a Tier III sex offender, with the corresponding duties of registration and notification.

{¶ 7}    From his conviction and sentence, Brandt appeals.   His assigned counsel has filed an *Anders* brief, indicating that he could find no potential assignments of error having arguable merit.   We notified Brandt that he could file his own, pro se brief, and he has done so.

## II.   The Trial Court Did Not Err When, Following a

## Hearing, it Declined to Appoint New Counsel

{¶ 8}    In his brief, Brandt first complains that his assigned trial counsel "had a conflict of interest because trial court attorney refused to go to trial when Appellant request [sic] a trial. Trial court attorney did not want to go to trial based on media attention of case and told Appellant he could not win."   The trial court held a hearing on Brandt's notification that he had "fired" his original assigned counsel and desired the trial court to appoint new counsel.   The trial court explained to Brandt that Brandt's mere lack of "rapport" with his assigned counsel, or difference of opinion, was not a sufficient basis for the substitution of new counsel, but that if Brandt could

demonstrate that his assigned counsel was not effectively representing him, or could not effectively represent him, then the trial court would grant his request. When it became evident that Brandt could not do so, the trial court agreed to continue the trial date to allow his assigned counsel time to do some of the things that Brandt indicated his assigned counsel in a related Montgomery County case was doing. Among other things, his assigned counsel in Montgomery County obtained a competency and sanity evaluation, both of which were ultimately submitted to the trial court in the case before us.

{¶ 9}  Brandt appeared to be satisfied with the trial court's explanation and willingness to grant a continuance. In any event, even if the trial court had erred in declining to substitute counsel, Brandt was not prejudiced, because he later retained as his counsel in the case before us the counsel he had been assigned in Montgomery County, and his retained counsel entered his appearance in this case well before the plea agreement and sentence.

### III.   The Record Does Not Reflect that Brandt Was Denied "a Fair Trial
### and Plea Agreement Because of External Influences on Judicial Conduct"

{¶ 10}  Brandt next complains that: "Trial court judge was influenced by the media, public, government officials locally and nationally. Appellant was refused a fair trial,and plea agreement because of the external influences on judicial conduct." Beyond the trial court's acknowledgment that cases of this kind often get lots of media attention, we find nothing in the record to support Brandt's claim. Specifically, the trial court told Brandt that the decision whether to enter a plea agreement was his, and his alone – that no one could force him to waive his right to trial. Although Brandt contends that at one point he was told that if he did not take

the plea deal, the "children would be removed from the family," there is nothing in the record to support this claim.

### IV.  An Agreed Sentence Authorized by Law Is Not Subject to Appellate Review

{¶ 11}  The bulk of Brandt's appellate brief complains that his sentence is disproportionate, and excessive in light of the statutory purposes and principles of sentencing. But as the State notes, an agreed sentence is not subject to appellate review if it is authorized by law.  *State v. Kelley*, 2d Dist. Montgomery No. 25014, 2012-Ohio-4623, ¶ 5.

{¶ 12}  Brandt was convicted of six violations of R.C. 2907.02(A)(1)(b).  The sentences imposed – ten years to life – are within the statutory range prescribed for those offenses, and are therefore authorized by law.  Because Brandt agreed to the sentence, he cannot obtain appellate review of the sentence.

### V.  We Find No other Potential Assignments of Error Having Arguable Merit

{¶ 13}  As required by *Anders v. California, supra*, we have performed our duty to independently review the record.  We have found no potential assignments of error having arguable merit.

{¶ 14}  Although Brandt alludes to the fact that the trial court sentenced him before the sentencing hearing in the case in which he had agreed, as part of the plea agreement, to co-operate, we find no plausible way in which he could have been prejudiced thereby.  The evident purpose of the agreement on scheduling the sentencing hearing was to protect the State, by giving it an opportunity to seek to revoke the plea agreement if Brandt would renege on his

agreement to co-operate. In fact, the State moved to continue Brandt's sentencing hearing until after the other sentencing hearing, but the trial court overruled the State's motion, and Brandt received the full benefit of the plea bargain.

{¶ 15} Included in our record are the competency and sanity evaluations obtained in Brandt's Montgomery County case, which were filed in this case. We find nothing therein to suggest that Brandt was mentally incompetent to have tendered a knowing and voluntary plea of guilty of the six counts of Rape to which he pled guilty and for which he has been sentenced. If anything, those evaluations suggest the contrary.

## VI. Conclusion

{¶ 16} We find no potential assignments of error having arguable merit. Accordingly, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

FROELICH, P.J., and WELBAUM, J., concur.


Copies mailed to:

Paul M. Watkins
Mark A. Deters
Kenneth H. Brandt
Hon. Robert J. Lindeman